**Justino REYES–RETANA, Appellant,**

v.

**PTX FOOD CORPORATION, Appellee.**

**No. 04–85–00167–CV.**

Court of Appeals of Texas,
San Antonio.

March 19, 1986.

Rehearing Denied May 8, 1986.

Carl Robin Teague, San Antonio, for appellant.

Lawrence A. Beck, San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This appeal concerns a suit on a sworn account to recover the sale price of five truckloads of powdered milk substitute. The trial court, without jury, rendered judgment for appellee in the sum of $83,-400.00, which included the sale price for the third, fourth and fifth shipments. Recovery for the first and second truckloads was denied. We affirm.

The record evidence shows that the principal parties met in San Antonio in April 1982 to discuss the possibility of forming a partnership to do business in Mexico. The plan was to import into Mexico the raw materials which would be blended into a powdered milk substitute for resale in Mexico and other countries. Appellant contends that appellee sent the five truckloads of the raw materials to the joint venture factory in Mexico for the purpose of obtaining capital to fund the partnership. He also claims that the goods on all five truckloads were invoiced in his name merely as an accommodation since he was a Mexican citizen and the only party who could legally own the goods in Mexico. Appellant further asserts that appellee was to be paid only after the goods were sold to Mexican customers, and that the profits were to be used to implement the partnership. Appellee's version of the facts is that the partnership was never implemented, that the goods were sent to appellee for resale in

Mexico, and that appellant agreed to pay for all five shipments.

Appellant initially complains that there was no evidence or insufficient evidence to support the trial court's findings that he agreed to buy the goods shipped in the third, fourth and fifth truckloads. The findings of fact filed by the trial court were that the goods shipped to appellant in the third, fourth and fifth transactions, by agreement of the parties, constituted sales from appellee to appellant and that this transaction was neither an investment nor a consignment to the partnership. Moreover, the court found that appellant agreed to pay for the goods. Findings of fact have the same force and dignity as a jury verdict upon special issues; when supported by competent evidence they are ordinarily binding upon an appellate court. *Gandy v. Culpepper,* 528 S.W.2d 333, 335 (Tex.Civ.App.—Beaumont 1975, no writ). In reviewing appellant's no evidence point, we consider only the evidence favorable to the judgment and must sustain the judgment if there is evidence of probative force to support it. *Freeman v. Texas Compensation Insurance Co.,* 603 S.W.2d 186, 191 (Tex.1980). In determining a sufficiency of the evidence question, we consider and weigh all the evidence in the case and set aside the judgment if we conclude that the judgment is clearly wrong and unjust. *See Rosestone Properties, Inc. v. Schliemann,* 662 S.W.2d 49, 51 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

The evidence of probative force favorable to the judgment is as follows: It was undisputed that the parties agreed to form a partnership which was to be implemented from the future profits realized from the sale of the finished product to be manufactured in Mexico. Appellee shipped the third, fourth and fifth truckloads to appellant with the understanding that appellant would pay for the value of the goods. The invoices reflect the amount and price of the goods and that the goods were sold to appellant. Obviously the partnership was not in existence at the time the goods were shipped to and received by appellant. An agreement to share profits would ordinarily create a presumption of partnership, but that presumption may be aided or overcome by the presence or absence of other partnership attributes indicative of the intent of the parties. *Davis v. Gilmore,* 244 S.W.2d 671, 673 (Tex.Civ. App.—San Antonio 1951, writ ref'd). In this case there are no other attributes present which would indicate the intent of the parties. The disputed evidence as to whether or not appellant agreed to pay for the value of the goods or whether the losses were to be shared was resolved by the trier of fact. *Ramo, Inc. v. English,* 500 S.W.2d 461, 467 (Tex.1973). This record reflects sufficient evidence of probative force to support the trial court's finding and judgment.

Nevertheless, we have reviewed the whole record and conclude that there is more than a scintilla of evidence to support the trial court's judgment. Accordingly, points of error one through six are overruled.

In points of error seven and eight, appellant urges that there was no evidence, or insufficient evidence, that the transactions involving the third, fourth and fifth truckloads were fair and reasonable. Appellant argues that there was a fiduciary relationship because the parties were partners; therefore, appellee must show that the transactions were fair and reasonable. We have previously determined, however, that there was no partnership in existence at the time the shipments were made. Accordingly, appellee owes no fiduciary duty to appellant. Points of error seven and eight are overruled.

The judgment of the trial court is affirmed.