**Hugh Bob SPILLER, Individually and As Temporary Administrator of the Estate of Norma Spiller, Deceased, and As Trustee of Spiller Interlocutory Agreement, Appellant,**

v.

**Hugh M. SPILLER, Appellee.**

No. 04–93–00728–CV.

Court of Appeals of Texas, San Antonio.

March 31, 1995.

Rehearing Denied June 15, 1995.

Joel B. Mitchell, Austin, for appellant.

Richard C. Mosty, Wallace, Mosty, Machann, Jackson & Williams, P.C., Kerrville, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

CHAPA, Chief Justice.

### NATURE OF THE CASE

Appellant, Hugh Bob Spiller ("Hugh Bob"), appeals a Final Judgment in favor of Appellee, the estate of Hugh M. Spiller ("Hugh M."), in a civil action brought to interpret the rights of the parties pursuant to a judgment signed November 20, 1984. The 1984 judgment was affirmed as modified by this Court in an unpublished opinion in Cause No. 04–85–00141–CV, delivered June 4, 1986.

This appeal challenges the trial court's interpretation of interest computation on a promissory note and interest computation on judgment awards, its failure to apply rental payments to offset a judgment, and its award of attorney's fees. We affirm the judgment as modified.

### FACTS

The 1984 litigation quieted title to property known as the "Cow Pasture" in Appellee. Appellant Hugh Bob and his father Hugh M., Appellee, had been involved in lengthy litigation over this property spanning many years. Hugh M. died in January 1989, after the present litigation was commenced, and his estate is the Appellee.

In addition to quieting title, the 1984 judgment awarded to Hugh Bob: (1) a money judgment of $52,482.45 for his purchase of a note executed by Hugh M. at Citizens National Bank of Brownwood, with interest on this amount at a rate of 9.5 percent per annum, and (2) two money judgments of $13,850.00 and $20,000.00 for improvements Hugh Bob had made to the Cow Pasture. Hugh M. was awarded an offset for rental payments on the Cow Pasture of $250.00 per month owed by Hugh Bob from March 1, 1972, until delivery of possession, which occurred in October 1987.

In the present litigation ("1993 judgment"), a declaratory judgment proceeding, both parties sought an interpretation of their rights pursuant to the 1984 judgment. The 1993 judgment currently being appealed held as follows: (1) the $52,482.45 note bears simple interest; (2) the $13,850.00 and $20,000.00 judgment awards bear compound interest; (3) the rent offset award to Hugh M. bears compound interest; (4) Hugh Bob is not entitled to a credit for seventy rent checks, totalling $17,500.00, which date back to the 1970s; and (5) Hugh M. is entitled to attorney's fees. Hugh Bob raises five points of error challenging the 1993 judgment.

## DISCUSSION

In his first point of error, Hugh Bob contends the trial court erred in not compounding the interest on the $52,482.45 note payment, which led to an erroneous interest award of $70,771.13, instead of a correct amount of $134,460.26. The 1984 judgment awarded Hugh Bob $52,482.45, "together with the interest on such amount at the rate of 9½% per annum from June 30, 1979, until paid, *such interest being compounded in accordance with said Note.*" (emphasis added) The note provides in pertinent part: "with interest thereon from date hereof until maturity at a rate of nine and one-half per cent (9½%) per annum; the interest payable as indicated below; *matured unpaid principal and interest shall bear interest* at the rate of ten per cent (10%) per annum from date of maturity until paid." (emphasis added)

Interpretation of the above-italicized language forms the crux of this point of error. The trial court concluded that the note, which is the basis for the $52,482.45 judgment, provides for simple interest.

■ A trial court's conclusions of law are always reviewable. *Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence, *Kotis v. Nowlin Jewelry, Inc.*, 844 S.W.2d 920, 922 (Tex.App.—Houston [14th Dist.] 1992, no writ); they will not be reversed unless they are erroneous as a matter of law. *Westech*

*Eng'g, Inc.*, 835 S.W.2d at 196. Generally, a judgment is construed in the same manner as other instruments. *Barnard v. Barnard*, 863 S.W.2d 770, 772 (Tex.App.—Fort Worth 1993, no writ). In the instant case, the trial court concluded, as a matter of law, that the 1984 judgment's language "such interest being compounded in accordance with said Note" required the following construction: (1) the note did not provide for the compounding of interest; (2) that the word "compounded" in the 1984 judgment is surplusage and without legal meaning; that the word "compounded" should be disregarded or read as "calculated"; and (3) that the note and the 1984 judgment provide for simple interest at a rate of 9½ percent per annum.

■ At the outset, we note that the only reference to "compounding" appears in the 1984 judgment; it does not appear in the note itself. Significantly, the judgment merely directs that the interest be "compounded *in accordance with said Note,*" thus referring back to the actual note for the interest calculation. Hugh Bob contends that the note's provision to charge interest on matured unpaid principal and interest is "compound interest," and that the 1984 judgment referred to this compounding of interest. Hugh Bob cites *Bothwell v. Farmers' & Merchants' State Bank & Trust Co.*, 120 Tex. 1, 30 S.W.2d 289, 291 (1930), for the proposition that it is lawful in Texas to charge interest on matured, unpaid interest.

*Black's Law Dictionary* defines "compound interest" as "interest upon interest; *i.e.,* when the interest of a sum of money is added to the principal, and then bears interest, which thus becomes a sort of secondary principal." *Black's Law Dictionary* 286 (6th ed. 1990). Treatises point to a distinction between true compounding of interest and interest upon matured interest. *Tex.Jur.* addresses "interest on overdue interest" and notes that Texas follows the view that

delinquent installments of interest constitute liquidated demands, and that the creditor is entitled to interest on the money thus wrongfully withheld in the same manner and for the same reason as the creditor is entitled to interest on overdue prin-

cipal wrongfully withheld. *This rule does not permit true compounding of interest such as occurs when accrued interest is added to the principal and the whole is treated as new principal for the calculation of future interest.*

13 *Tex.Jur.3d Consumer and Borrower Protection* § 38 (1993) (emphasis added). "Compound interest means interest on interest in that accrued interest is added periodically to the principal, and interest is computed upon the new principal thus formed; *it is to be distinguished from the mere allowance of interest on overdue installments of interest, which is strictly not compound interest.*" 45 *Am.Jur.2d Interest and Usury* § 76 (1969) (emphasis added); *accord* C.L. Feinstock, Annotation, *Compound Interest,* 10 *A.L.R.3d* 421, 424 (1966). Finally, although *Bothwell* holds that "interest which has already lawfully matured may, together with principal, thereafter bear interest," *Bothwell,* 30 S.W.2d at 291, it does not specifically provide for the calculation of "compound interest."

Based on the above analysis, we find that the trial court did not err in concluding that the note's interest provision to which the 1984 judgment referred, which did not specify compound interest, as well as the 1984 judgment itself, provided for simple interest on the principal debt of $52,482.45. Although the original note allowed 10 percent interest on "matured unpaid principal and interest," the 1984 judgment fixed the rate at 9½ percent per annum "until paid." This provision has not been challenged on appeal, and therefore the rate of 9½ percent as set by the judgment of 1984 is final.

■ In his second point of error, Hugh Bob contends that the trial court erred by not crediting him with seventy rent payments of $250.00 each that he had made to Hugh M., which led to an erroneous principal amount due of $46,750.00, rather than a correct amount of $29,250.00. In the 1984 litigation, Hugh Bob did not enter into evidence the copies of the seventy checks, dating back to 1972, that he had paid to Hugh M. as rent on the Cow Pasture. It appears from the record that Hugh M. stated during the 1984 proceedings that he had not cashed the checks, or had only cashed two or three.

Indeed, in the appeal before this Court in 1986, our opinion notes that "Hugh M. never cashed these checks." Hugh Bob's Original Petition in the instant case alleges that Hugh M. was in error because he had cashed the checks, and as a result of this error was awarded the offset of $250.00 per month rent. Hugh Bob then entered into evidence copies of checks totalling $17,500.00 that had been cashed by Hugh M. between 1972 and 1978. Hugh Bob further argues that the 1984 judgment is silent as to the checks tendered, Hugh M.'s failure to cash them, and all other aspects of payment. Now that cashing of the seventy checks is conclusively proven, Hugh Bob contends that he should be given credit for these payments. Hugh M. counters that Hugh Bob's claim for the seventy rent checks is a collateral attack on the 1984 judgment and is barred by the doctrines of res judicata and/or collateral estoppel.

The court made findings of fact that (1) Hugh Bob and his counsel were aware of the additional seventy checks which could have been claimed as offsets against the rent; (2) that this evidence was known to, readily available to, and could have been introduced in the 1984 trial, and that such evidence was not introduced; and (3) that there was no reasonable justification or excuse for the failure to present such evidence in the 1984 trial. The court then found as a matter of law that Hugh Bob's claim for reimbursement or equitable consideration of the seventy checks was barred by res judicata and collateral estoppel.

■ When a complete statement of facts appears in the record, a trial court's findings of fact are not conclusive. *Middleton v. Kawasaki Steel Corp.,* 687 S.W.2d 42, 44 (Tex. App.—Houston [14th Dist.] 1985), *writ ref'd n.r.e. per curiam,* 699 S.W.2d 199 (Tex.1985). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standard that is applied to reviewing the evidence supporting a jury's answer. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991); *Zieben v. Platt,* 786 S.W.2d 797, 799 (Tex.App.— Houston [14th Dist.] 1990, no writ). "The trial judge, as the trier of the fact, may draw reasonable inferences from the evidence, and

his findings of fact may not be disregarded on appeal if the record contains some evidence of probative value from which these inferences may be drawn, or unless the findings are so contrary to the overwhelming weight of the evidence as to be manifestly wrong." *IFG Leasing Co. v. Ellis,* 748 S.W.2d 564, 565–66 (Tex.App.—Houston [1st Dist.] 1988, no writ) (citing *Nicholas v. Crocker,* 687 S.W.2d 365, 367 (Tex.App.—Tyler 1984, writ ref'd n.r.e.)).

We have a complete statement of facts in the record before us. A review of the record reveals that in a deposition taken in March, 1988, in the present case, Hugh Bob's testimony indicated that both he and his attorney were aware of the existence of the cashed checks at the time of the 1984 trial. The 1984 judgment awarded to Hugh M. "[a]n offset for the lease payments on the 'Cow Pasture' … from March 1, 1972, until delivery of possession at the rate of $250.00 per month." Speaking in deposition regarding the award of rent money in the 1984 judgment, Hugh Bob said: "You know, I probably overlooked it when reading the judgment. I was very disappointed in the judgment." According the trial court's findings of fact the same dignity and force as a jury's verdict on special issues, as we must, we find that the trial court's findings of fact are supported by the record. *See Reyes–Retana v. PTX Food Corp.,* 709 S.W.2d 695, 697 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.).

■ Res judicata "bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in the prior suit." *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). In defining res judicata as a general term for a group of related concepts, the Texas Supreme Court has noted:

> Within this general doctrine, there are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel). Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, *as well as related matters that, with the use of diligence, should have been liti-*

*gated in the prior suit.* Issue preclusion, or collateral estoppel, prevents relitigation of particular issues already resolved in a prior suit.

*Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992) (emphasis added) (footnotes and citations omitted). We conclude that the evidence of the cashed checks was available and known to Hugh Bob in the 1984 trial, and that there was no reasonable excuse or justification for the failure to present this evidence in the 1984 trial. The trial court's conclusion that Hugh Bob's claim for a credit for the seventy cashed checks was barred by res judicata and collateral estoppel is not error, and we therefore overrule Appellant's second point of error.

■ In his third point of error, Hugh Bob contends that the trial court erred in compounding the interest on the rental amount. In a cross-point to appellant's point of error three, Hugh M. contends that if the trial court erred in compounding the interest on the rental amount, then it erred in compounding interest on the $13,850.00 and $20,000.00 awards in favor of Hugh Bob in the 1984 judgment. At the time of the 1984 trial, the statutory provision that prescribes the interest rate on judgments was silent as to whether the interest was simple or compounded. *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.05 (Vernon 1987). The statute was amended in 1987 to provide that judgment interest be compounded annually. Act of May 21, 1987, 70th Leg., R.S., ch. 154, § 1, 1987 Tex.Sess.Law Serv. 1313, 1314 (Vernon) (codified at TEX.REV.CIV.STAT.ANN. art. 5069–1.05 (Vernon Supp.1995)). The amendment specifies that the Act applies only to actions commenced on or after the effective date of September 1, 1987. Act of June 16, 1987, 70th Leg., 1st C.S., ch. 3, § 3(a)(1), 1987 Tex.Sess.Law Serv. 51, 52 (Vernon). Therefore, this statutory amendment providing that post-judgment interest be compounded annually does not apply retroactively. *Geo Viking, Inc. v. Tex–Lee Operating Co.,* 817 S.W.2d 357, 364 (Tex.App.—Texarkana 1991), *writ denied per curiam,* 839 S.W.2d 797 (Tex.1992); *see Mercantile Bank & Trust v. Cunov,* 749 S.W.2d 545, 550 (Tex.App.—San Antonio 1988, writ denied) (reforming judg-

ment that allowed compounded postjudgment interest to allow simple interest in conformity with pre-amendment article 5069–1.05).

Hugh Bob contends that pursuant to the statute the interest on the rental amount and the two awards should be calculated as simple interest at 10.32%, the rate calculated by the Consumer Credit Commissioner on November 20, 1984. Hugh M. asserts that during the 1993 trial both parties "stipulated" that these amounts should bear interest at a compounded rate, as shown in the following passages:

> COUNSEL FOR HUGH M. [W]e'll all agree in a minute that prejudgment interest [sic], postjudgment interest at the time of this was 10.32 percent and all agree that would be compounded....

And later,

> COUNSEL FOR HUGH M. The other judgment on behalf of Hugh Bob Spiller for improvements should properly bear interest at 10.32 percent compounded. I don't think there is any argument about that. The cow pasture rent in favor of Hugh M. Spiller should bear interest at 10.32, interest compounded. I don't think there's any argument about that.

Hugh Bob's counsel did not respond or object to the characterization of these interest amounts as "compounded." Finally, the court said:

> Let me ask a question.... There are different ways to compound interest, compound daily, monthly, yearly, whatever.
>
> COUNSEL FOR HUGH M. Statute says annually.
>
> COUNSEL FOR HUGH BOB. I think we would agree on that.

Counsel for Hugh M. then proceeded to call a witness who introduced calculations showing compounded interest on the rent and improvements judgment amounts. The exhibits were admitted into evidence without objection from Hugh Bob's counsel. Hugh M. thus asserts that Hugh Bob stipulated to the compounding of interest and waived any objection at trial.

 First, we find that Hugh Bob's motion for new trial adequately preserved

the issue on appeal. *See Keene Corp. v. Gardner*, 837 S.W.2d 224, 231 (Tex.App.—Dallas 1992, writ denied) (appellant's complaint about a judgment award of interest is timely if made anytime in which trial court retains plenary power to modify, correct, or reform judgment); *see also* TEX.R.APP.P. 52. A stipulation is an agreement, admission, or concession made in the course of a judicial proceeding by parties or their attorneys, and may be used to limit, fix, or modify issues to be tried. *Perry v. Brooks*, 808 S.W.2d 227, 229 (Tex.App.—Houston [14th Dist.] 1991, no writ); *see* TEX.R.CIV.P. 11 (agreements between parties or attorneys regarding pending suit must be in writing, signed, and filed of record, or made in open court and entered of record). Parties may stipulate only to facts; they may not stipulate as to the applicable law. *American Title Co. v. Smith*, 445 S.W.2d 807, 809 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ); *see Cartwright v. Mbank Corpus Christi, N.A.*, 865 S.W.2d 546, 549 (Tex.App.—Corpus Christi 1993, writ denied) (negotiability of instrument is question of law; court not bound by parties' stipulations regarding negotiability of note); *see also Collins v. State*, 829 S.W.2d 894, 896 (Tex.App.—Dallas 1992, no pet.) (parties could not stipulate that a certain statute was not applicable because parties can stipulate to facts but not to applicable law). It is evident from the above trial excerpts that both attorneys and the trial court were laboring under the mistaken belief that the statute required compound interest, which was true at the time of the trial in the cause before us, but not at the time of the original 1984 judgment. We do not find an articulated consensus on the part of the parties to stipulate to an agreed compounded interest rate; rather, both parties and the trial court were attempting to conform to the statutory requisite. The statutory rate mandated simple interest as a matter of law. We therefore conclude that the trial court erred in compounding the interest on the rental payments as well as on the awards for improvements and modify the judgment to allow simple interest on these amounts. *See Geo Viking*, 817 S.W.2d at 364.

In his final two points of error, Hugh Bob contends that the trial court erred in grant-

ing attorney's fees to Hugh M., and that there was legally and factually insufficient evidence to support the trial court's findings and award of attorney's fees to Hugh M.

The matter of attorney's fees is within the discretion of the trial court, and generally it is proper to award fees to the prevailing party in a declaratory judgment action. *County of Maverick v. Texas Ass'n of Counties Workers' Compensation Self–Insurance Fund,* 852 S.W.2d 700, 707 (Tex. App.—San Antonio 1993, no writ). Under section 37.009 of the Texas Civil Practice and Remedies Code, the Declaratory Judgments Act, a court may award "reasonable and necessary attorney's fees as are equitable and just." TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). A court's ruling under the Declaratory Judgments Act awarding attorney fees will not be reversed absent a clear showing that it abused its discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985); *Peacock v. Schroeder,* 846 S.W.2d 905, 912 (Tex.App.—San Antonio 1993, no writ).

Hugh Bob contends that application of the Declaratory Judgments Act is improper in this case, because there was already an action pending between the parties. Hugh Bob's Original Petition in the instant case, filed in 1986, solely sought credit for the rent checks, attorney's fees, and damages arising from the 1984 judgment. Hugh M.'s responsive counterclaim, a Supplemental Petition for Declaratory Judgment, raised the entirely different issues of the manner and method of calculation of interest rates on the 1984 judgment, which issues were ultimately major concerns at trial. In addition, Hugh Bob himself had invoked the Declaratory Judgments Act, both in his supplemental pleadings and during trial. When a claimant has properly invoked the declaratory judgments statute, either party may plead for and obtain attorney's fees. *Knighton v. International Business Mach. Corp.,* 856 S.W.2d 206, 210 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Because one or both parties invoked the Declaratory Judgments Act, the court had discretion in awarding fees.

Trial testimony showed that Hugh M.'s attorney was familiar with reasonable and necessary attorney's fees in Kimble County; that his hourly rate was $100.00 on this case rather than his customary $125.00; that his hourly rate was less than Hugh Bob's attorney's rate; that he had incurred $3,500.00 in fees relating to this specific litigation; that he specifically asked that $1,750.00 be awarded for this litigation because there was a bona fide question regarding the compound interest that could be argued either way; that Hugh Bob had incurred substantially more in fees than had Hugh M. Hugh M.'s attorney also testified as to his anticipated expenses in the event of an appeal. In light of the testimony regarding fees presented at the hearing, we conclude that the trial court did not abuse its discretion in awarding attorney's fees to Hugh M.

In addition to awarding attorney's fees for the trial, the court also awarded Hugh M. $9,500.00 in appellate fees through the filing of a writ of error, with remittiturs at each appellate stage in the event appeals were not sought. Hugh Bob asserts that appellate fees must be predicated on success or failure of the appellee in the appellate process. *Rittgers v. Rittgers,* 802 S.W.2d 109 (Tex.App.—Corpus Christi 1990, writ denied); *see Smith v. Smith,* 757 S.W.2d 422, 426 (Tex.App.—Dallas 1988, writ denied) (trial court may not grant unconditional award of appellate attorney fees). A party may not be penalized for successfully appealing error occurring in a lower court's judgment. *King Optical v. Automatic Data Processing, Inc.,* 542 S.W.2d 213, 218 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.). It is implicit in a court's judgment, however, that the award of appellate attorney fees is conditioned on a successful appeal. *Robinwood Bldg & Dev. Co. v. Pettigrew,* 737 S.W.2d 110 (Tex.App.—Tyler 1987, no writ). Although the judgment before us is not specific that attorney's fees are contingent upon appellee's success on appeal, we conclude that the award implicitly requires success in order to recover the fees. We find no error in the award of appellate fees.

In conclusion, we modify the trial court's judgment to allow simple interest of 10.32 percent on the rents owed by Hugh Bob to Hugh M. and on the improvements of $13,-850.00 and $20,000.00 owed to Hugh Bob by Hugh M. In all other respects the trial court's judgment is affirmed.