Douglas RISINGER, Appellant,

v.

WILSON COUNTY and Wellspring Development Corporation, Inc., Appellees.

No. 04–97–00078–CV.

Court of Appeals of Texas, San Antonio.

Nov. 19, 1997.

Rehearing Overruled Feb. 23, 1998.

L.H. Warburton, Warburton, Adami, McNeill, Paisley & McGuire, P.C., Alice, for appellant.

Diana L. Nichols, Gilman, Nichols & Ballard, L.L.P., Karin Bonicoro, Austin, Russell Wilson, Floresville, for appellees.

Before RICKHOFF and LÓPEZ and DUNCAN, JJ.

## OPINION

LÓPEZ, Justice.

This appeal arises from a dispute over money designated for the construction of roads in Wilson County. The funds were acquired by Appellee, Wilson County, through a letter of credit provided by Appellant, Douglas Risinger, and his partners as developers for the Elm Country Estates. Pursuant to a local ordinance covering subdivisions, Wilson County (the County) required a one-year letter of credit as security that the developers would build public roads in

Elm Country Estates. When the developers failed to begin construction of the roads, the County called the letter and the issuing bank paid the funds over to Wilson County.

Over the course of the next several years, a complicated series of events occurred, events which are essentially irrelevant to our disposition of this case. Let it suffice to say that notes on Elm Country Estates were foreclosed upon and the property was transferred to Appellee, Wellspring Development Company (Wellspring). In the interim, Wilson County retained the disputed funds, having ear-marked them for construction of roads in Elm Country Estates. Five years after the County called the letter of credit, Plaintiff, Douglas Risinger, sought declaratory judgment that he was the rightful owner of the $49,800.00 paid over to the County, plus accrued interest in the amount of $13,-579.94. In response, the County and Wellspring moved for summary judgment, contending that Risinger had forfeited the funds when the developers failed to construct the roads in Elm Country Estates. The trial court granted summary judgment in favor of the County and Wellspring without specifying the specific grounds for its ruling, and Risinger appealed. On appeal, the parties make various arguments as to why each is entitled to the money designated for the roads in Elm Country Estates. Because resolution of each of these arguments requires a determination of who is the rightful owner of the funds, we first examine that issue.

Chapter 232 of the Texas Local Government Code (Chapter 232) governs the regulation of subdivisions that are not located within the limits of a municipality. *See* TEX. LOC. GOV'T CODE ANN. §§ 232.001 *et seq.* (Vernon 1988 & Supp.1997). Under Chapter 232, a landowner that wants to subdivide its land, must prepare a subdivision plat that indicates those parts of the land to be dedicated to the public for use as streets and roads within the subdivision. *Id.* § 232.001. The appropriate county commissioners' court must approve the subdivision plat. *Id.* § 232.002. As a condition of approval, the commissioners' court may require the subdivider to post security to ensure the provision of funds for the construction of roads within the subdivi-

sion. *Id.* One way a subdivider can post security is through a letter of credit. The letter must list the county judge as the sole beneficiary and be conditioned that the subdivider will construct roads or streets in the subdivision in accordance with the specifications adopted by the commissioners' court and within a reasonable time set by the court. *Id.* § 232.0045. In accordance with Chapter 232, the County adopted subdivision rules that provide that such a letter of credit must be conditioned upon the subdivider's commencement of road construction within ninety days and the subdivider's completion of all streets and roads within the subdivision in accordance with the County's requirements no later than one year from the date of approval of a subdivision plat.

■ Pursuant to the Wilson County subdivision rules, Risinger and his partners applied for a subdivision plat for Elm Country Estates. On January 22, 1990, the Wilson County Commissioners' court approved the subdivision plat on the condition that the developers submit a one-year letter of credit for $49,800.00 as security for road construction and a cashier's check for $936.00 to cover the filing fee for the plat by January 26, 1990. The developers did not comply with this requirement, so the Commissioners' Court rescinded the plat on February 12, 1990. The following day, the developers delivered a cashier's check for the filing fee and a letter of credit. The letter specifically provided that funds in the amount of $49,-800.00 would be available to the County on or before February 13, 1991, upon presentation of the original letter of credit and a "[l]etter from the County Judge stating ... [that t]he road work at Elm Country Estates was not constructed in accordance with Wilson County Subdivision specifications." As a result of the developers' compliance with the County's conditions, the Commissioners' Court reapproved the subdivision plat for Elm Country Estates on February 26, 1990. Consequently, the roads for Elm Country Estates were required to be completed by February 26, 1991. When the developers failed to begin construction on the roads, the County "called" the letter of credit and the issuing bank paid the funds to the County. Because the developers had not completed the roads

for Elm Country Estates, or even begun the roads, within the required year, the County then became entitled to the money. Having determined this, we review Risinger's points of error.

In his first two points of error, Risinger contends that the trial court erred in denying his motion for summary judgment and in granting the appellees' motion for summary judgment. In doing so, Risinger advances several theories in support of his position. When the summary judgment order does not include the specific grounds for the ruling as here, the judgment may be affirmed on any meritorious theory presented in the motion. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). For example, a party that presents and conclusively establishes every element of an affirmative defense is entitled to summary judgment. *See San Antonio Express News v. Dracos*, 922 S.W.2d 242, 247 (Tex.App.—San Antonio 1996, no writ). Because of the following, we find that the County and Wellspring established an affirmative defense of statute of limitations.

In its motion for summary judgment and in its response to Risinger's motion for summary judgment, the County and Wellspring asserted that Risinger's claim for conversion was barred by the two-year statute of limitations. Risinger responds to this argument by maintaining that the statute of limitations for his claim did not begin to run until he demanded the money, notably in August, 1996. He argues that the earliest he could have demanded the money was February, 1996 when he lost title to the property, having been precluded from building the roads because of the foreclosure actions. We disagree. Had the developers not intended to build the roads or had they foreseen the foreclosure actions, Risinger could have demanded the money as soon as the bank paid the funds over to the County. Failure to contest the forfeiture suggests that the developers intended that the money be used for construction of the roads.

Generally, a cause of action accrues at the time facts come into existence that authorize a claimant to seek a judicial remedy. *See Fields v. City of Texas City*, 864 S.W.2d 66, 68 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Liberty Mutual Fire Ins. Co. v. Richards*, 810 S.W.2d 232, 234 (Tex.App.—Houston [14th Dist.] 1991, writ denied). Here, such facts came into existence when the bank that issued the letter of credit paid the funds over to the County. Had Risinger believed that he was the rightful owner of the funds, his cause of action for conversion arose when the bank paid the funds over to the County. Risinger was no doubt keenly aware of this fact since he repaid the bank for funds disbursed under the letter of credit. However, Risinger did not seek a declaratory judgment that he was the owner of the funds until September, 1996, over five years from the date the County obtained the money. Even if Risinger had not understood the full consequences of failing to construct the roads at the time he obligated himself under the letter of credit, he certainly understood the consequences when he was required to repay the bank. Thus, we find that Risinger's cause of action for conversion arose when the bank paid over the funds—a time well-beyond the two year statute of limitations for conversion. Having found that the appellees established an affirmative defense of limitations, we overrule points of error one and two.

In point of error three, Risinger argues that the trial court erred in failing to grant him a judgment for the accrued interest on his funds. Having decided above that Risinger is not entitled to the funds, we conclude that he is likewise not entitled to the interest on those funds. We overrule Risinger's third point of error.

In his fourth point of error, Risinger argues that the trial court erred in granting Wellspring attorneys' fees for defending itself in this suit. Wellspring filed a counterclaim against Risinger after it was added as a defendant to Risinger's suit. An award of attorney's fees to the prevailing party is proper in a declaratory action under section 37.009 of the Texas Civil Practice and Remedies Guide. *See Spiller v. Spiller*, 901 S.W.2d 553, 560 (Tex.App.—San Antonio 1995, writ denied). An order awarding attorney's fees to a prevailing party will not be

reversed absent a clear showing that the trial court abused its discretion. *Id.* Because the summary judgment evidence shows that the disputed funds have at all times been earmarked for the construction of roads in Elm Country Estates, and will be used by the County for same, we consider Risinger's suit against Wellspring to be an unmeritorious attempt to obtain his money from the landowner now picking up the pieces of the Elm Country Estates development project. Consequently, we do not find that the trial court abused its discretion. We overrule this point of error.

Having overruled each of Risinger's points of error, we affirm the judgment of the trial court.

DUNCAN, J., concurs in the judgment only.