IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00185-CV

 

Lisa Martinez Paul 

and SteVen Edward Martinez,

                                                                      Appellants

 v.

 

Merrill Lynch Trust Company of

Texas, Acting in the Capacity of

Independent Executor of the 

Estate of Jose Eduardo Martinez, 

Deceased, and Toni Wasson 

Salvaggio Martinez,

                                                                      Appellees

 

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court No. 11,414-PC

 



MEMORANDUM  Opinion



 

Appellants Lisa Martinez Paul (Lisa) and Steven
Edward Martinez (Steve) (collectively Appellants) raise four issues complaining
of a probate court’s rulings on the characterization of a gun collection and on
attorney’s fees.  We will affirm.

 

Factual Background

          At the time of his death on August 25,
2002, Jose Eduardo Martinez (Ed) was married to Appellee Toni Wasson Martinez
(Toni).  As an accident reconstruction expert, Ed had amassed a multi-million
dollar estate that included a large home in College Station, 594 acres of land,
at least twelve motor vehicles, multiple businesses, stocks and bonds, jewelry,
a watch collection, and a large gun collection.

          Two documents govern the disposition
of Ed’s property.  Ed and Toni had entered into a premarital agreement in 1996
(reaffirmed as a marital agreement soon after their marriage) providing that
the undefined “contents of the home” became the property of the survivor of the
parties (Toni, in this case) in the event of death.  On November 29, 2000, Ed
executed a will that was later amended by a codicil executed on August 21,
2001.  The residuary of Ed’s property—the property other than the “contents of
the home”—passes under the will and, after several specific bequests to his
children are deducted, “pours over” in a family trust.  The will does not otherwise
refer to Ed’s tangible personal property.

Toni is the primary beneficiary of the trust,
having only an income interest.  Appellants—Ed’s adult children from a previous
marriage—receive the remainder of the trust when it terminates because Toni
dies or remarries or cohabits with a man.  In his will, Ed appointed Appellee
Merrill Lynch Trust Company of Texas (now known as Merrill Lynch Trust Company
FSB) to be the sole independent executor of his estate—without court
intervention and without bond—and the sole trustee of the trust.

          The will contains a “no-derivative action”
clause that explicitly prohibits Appellants from bringing any derivative cause
of action, particularly “any derivative cause of action to collect damages on
behalf” of Ed’s estate or the trust.  The will also contains an “in terrorem
clause”[1]
forfeiting all gifts, even if a beneficiary’s challenge to the dispositions
under the will “was taken in good faith and with probable cause.”  However, the
will gave Lisa the power to seek removal of Merrill Lynch as “the current
fiduciary” and appointment of a replacement fiduciary.

          In early to mid-September 2002, after
Merrill Lynch accepted the estate as a client but before it qualified as
executor, Scott Luhnau, Merrill Lynch’s representative, began inspecting and
identifying the estate’s property.  Luhnau drove to College Station, inspected
the home and cars, and had the guns and jewelry appraised.  He met with Toni,
who told him that Ed had told her that she was to receive “all the cars” and
“everything in the house.”  Toni testified that Luhnau told her that she would
not be making decisions on the property.  Toni had previously gone to Ed’s
office and removed all of his personal property and mementos, storing them in
boxes as requested by Merrill Lynch.

          Faced with the marital agreement’s disposition
language and the will, Merrill Lynch, as independent executor, had to determine
Ed’s intent and decide what personal property (the “contents of the home”) went
to Toni under the marital agreement and what property passed under the will to
the estate and into the trust (property other than the “contents of the
home”).  After discussions with Toni and with some of Ed’s business associates,
including his bookkeeper, Merrill Lynch distributed to Toni some of the
property that Appellants later contested.  In its disposition of Ed’s property,
Merrill Lynch defined “contents of the home” as tangible personal property
contained in or associated with the residence structure and lot, and tangible
non-business personal property wherever located or usually located.  Merrill
Lynch concluded that Toni was entitled to the following property:  eight
vehicles;[2] a
watch collection and jewelry; and a gun collection that was being kept at Ed’s
office in a gun safe.[3] 
With respect to vehicles that Toni sold, Merrill Lynch had Toni place the
proceeds in a separate Merrill Lynch account pending the resolution of the
brewing dispute over the property.

Procedural Background

          Appellants sued Merrill Lynch in
November 2003.  Their live pleading at the time of trial (Plaintiffs’ Fifth
Amended Original Petition) essentially claimed that Ed’s will revoked his
marital agreement with Toni and that Toni was not entitled to any of Ed’s
property as the “contents of the home.”  Appellants alleged that Merrill Lynch
committed gross misconduct and gross mismanagement by transferring property to
Toni, and they sought removal of Merrill Lynch as independent executor and
disgorgement of its executor fee ($175,000).  They sought actual damages
(approximately $625,000) on behalf of the estate caused by Merrill Lynch’s (1)
alleged failure to collect and gather all of the estate’s property and place it
in the trust, and (2) alleged breach of fiduciary duties under sections 230 and
233 of the Texas Probate Code.  Appellants asked for exemplary damages of
$500,000 and attorney’s fees.  Appellants did not request a declaratory
judgment or construction of any will provisions.

          Merrill Lynch filed a counterclaim
that added Toni as a third-party defendant.  Its live pleading at the time of
trial (Fifth Amended Counterclaim in the Form of Petition for Relief,
Declaratory Judgment and Constructive Trust) sought resolution of the contested
property in light of the provisions in the marital agreement and the will,
along with recovery of attorney’s fees.  Merrill Lynch specifically asked the
court to construe the marital agreement’s provision at issue, to declare the
owners of the contested property, to impose a constructive trust on any
property improperly given to Toni, and to award it attorney’s fees under the
Declaratory Judgments Act.  Alleging that it was defending in good faith
Appellants’ claim to remove it as independent executor, Merrill Lynch sought to
recover its attorney’s fees under section 149C(c) of the Probate Code.  Merrill
Lynch also alleged that Appellants were precluded from bringing their alleged
derivative action by the no-derivative action clause and the in terrorem
clause and that they lacked standing under these clauses as a result of their
bringing claims.

          Toni’s amended answer included a
general denial and a request for an award of attorney’s fees, but she did not
file a claim for affirmative relief.  She subsequently filed a motion for leave
to file a trial amendment to allege a claim for attorney’s fees, and the
probate court granted Toni leave.

          At trial, the parties focused on
twelve categories of property that Appellants contended were estate property
(rather than “contents of the home”) and on which Merrill Lynch sought
declaratory judgment and a constructive trust imposed on Toni if necessary. 
Eight of those twelve categories were cars.  The remaining categories were: 
(1) the contents of the home; (2) the contents of Ed’s office; (3) Ed’s gun
collection; and (4) Ed’s watch collection and jewelry.[4] 
At the close of Appellants’ case-in-chief, the probate court granted Merrill
Lynch’s motion for judgment in part and ordered that Appellants take nothing on
their damage claims on three of the cars,[5]
the contents of the home,[6]
and exemplary damages against Merrill Lynch based on fraud, specific-intent
malice, and bad faith.

After a four-day trial, the probate court
entered a final judgment that Appellants take nothing on all of their remaining
claims, rejecting Appellants’ claims to remove Merrill Lynch as independent
executor and to disgorge any fees and Appellants’ claim for exemplary damages
based on conscious-indifference malice.  The trial judge issued a helpful 52-page
Memorandum Opinion that formed the basis for its subsequent 29 pages of
findings of fact and conclusions of law.

On the other contested cars, the probate court
found that the 1995 Ferrari 355 Challenge was a gift from Ed to Toni.  It ruled
that the other four cars are personal property of the estate and should pass to
the trust as follows: (1) the 2001 Ferrari Spider; (2) the 2002 Porsche 911
Turbo; (3) the 2002 Subaru Impreza; and (4) the 1999 Ford Explorer.  These four
vehicles were all titled in Ed’s name, and because they all were personal
property that required a title for transfer,[7]
the probate court ruled that they were not “contents of the home.”[8]

As for the contents of Ed’s office—posters,
diplomas, pictures, model cars, etc. that had a de minimis value—that
were being stored by Toni, no damages were sought by Appellants, but the
probate court found that this property was an estate asset and should pass to
the trust.  The probate court imposed a constructive trust on the contents of
Ed’s office and the four cars found to belong to the estate, or on the proceeds
from the sale of these assets, and Toni was ordered to deliver these assets or
their proceeds to Merrill Lynch within thirty days.

The probate court found that the estate had
suffered no damage, did not lose the value of any of the contested property,
and did not lose the property itself from the decisions that Merrill Lynch made
on what property was “contents of the home.”  The probate court found that
Merrill Lynch’s decisions on the contested property were made in good faith and
that it successfully defended Appellants’ action to remove it as independent executor
in good faith.  Merrill Lynch was, however, ordered to post a $300,000 bond to
protect the estate’s beneficiaries.

The probate court concluded that Ed’s gun
collection was being temporarily stored at Ed’s business and that it was Ed’s
intention to keep it in the home.  Thus, it came within the “contents of the
home” and was not the property of the estate; Appellants were to take nothing
on their damage claim relating to the gun collection.

As for Merrill Lynch’s claim that Appellants
were violating the will’s no-derivative action and in terrorem clauses,
the probate court ruled that Appellants violated the no-derivative action
clause in part by filing a derivative action for damages on the estate’s
behalf, in violation of the in terrorem clause, but that Appellants had
filed the action in good faith and with probable cause and they did not forfeit
the bequests to them in the will.  Merrill Lynch does not appeal that ruling.

The probate court found that Appellants were not
entitled to recover their attorney’s fees, reasoning that they did not prevail
on their removal and disgorgement claims, that they prevailed on only five of
the twelve categories of property that Merrill Lynch had determined were
“contents of the home,” but even on those five categories, Merrill Lynch’s
determinations were within a zone of reasonable disagreement.  The probate
court also noted that Appellants had failed in their attempt to recover
exemplary damages.

Merrill Lynch was awarded attorney’s fees from
the estate in the sum of $153,246.32 at trial, an additional attorney’s fee of
$15,000 if Appellants unsuccessfully appeal to the court of appeals, and an
additional attorney’s fee of $8,000 if Appellants unsuccessfully appeal to the
Supreme Court of Texas.

Toni was awarded attorney’s fees from Appellants
in the sum of $46,764.80 at trial, an additional attorney’s fee of $15,000 if
Appellants unsuccessfully appeal to the court of appeals, and an additional
attorney’s fee of $8,000 if Appellants unsuccessfully appeal to the Supreme
Court of Texas.  Court costs were taxed against Appellants.

Issues

Appellants four issues are: (1) whether the
probate court erred in concluding that the gun collection was among the
“contents of the home”; (2) whether the probate court erred in denying
Appellants recovery of their attorney’s fees; (3) whether the probate court
erred in awarding Merrill Lynch attorney’s fees; and (4) whether the probate
court erred in awarding Toni attorney’s fees.

Analysis

The Gun Collection

Regarding Appellants’ issue on the gun
collection, Merrill Lynch prefaces its response with an assertion that
Appellants have waived or not preserved their complaint because they did not
seek in the probate court the relief that they now seek in this appeal. 
Merrill Lynch correctly notes that it—not Appellants—pled claims for
declaratory relief and constructive trust relating to the gun collection. 
Appellants did not sue Merrill Lynch or Toni for return of the gun collection
to the estate by imposition of a constructive trust or for a declaratory
judgment on the ownership of the gun collection.  While they did plead in the
probate court that Merrill Lynch had improperly transferred the gun collection
to Toni in breach of its fiduciary and statutory (Probate Code section 233)
duties, Appellants sought only money damages for these alleged breaches and
Merrill Lynch’s removal and fee disgorgement.  Appellants lost on these claims
in the trial court and have not appealed these adverse rulings.  

In their first issue, Appellants are indirectly
attempting to do on appeal what the will’s no-derivative action and in terrorem
clauses prohibit them from doing directly[9]
and what they did not—and could not—do in the probate court.  And we agree with
Merrill Lynch that it is axiomatic that a party cannot complain on appeal about
a trial court’s failure to award relief when the party never pled for that
relief in the trial court.[10] 
A claim, issue, or allegation may not be raised for the first time on appeal.  Adams v. First Nat’l Bank, 154 S.W.3d 859, 871 (Tex. App.—Dallas 2005, no
pet. h.) (“A claim that was not presented to the trial court cannot be
considered on appeal.”); Carrizales v. Tex. Dep’t Prot. & Reg. Servs.,
5 S.W.3d 922, 925 (Tex. App.—Austin 1999, pet. denied) (“As a rule, a party may not raise an issue, even a constitutional
claim, for the first time on appeal.”); General Ass’n Branch
Davidian Seventh Day Adventist v. McLennan County Appraisal Dist., 715
S.W.2d 391, 393 (Tex. App.—Waco 1986, no writ) (issue may not be raised for
first time on appeal); see also California Dep’t of Mental Hygiene v. Bank
of the Southwest, N.A., 354 S.W.2d 576, 581 (Tex. 1962) (“An allegation
raising this contention is not contained in petitioner’s pleadings and was not
raised in the trial court.  The issue cannot be raised for the first time on
appeal.”).

Appellants plainly did not plead a cause of
action for return of the gun collection or for declaratory relief regarding the
gun collection.  We thus hold that Appellants have not preserved their
complaint for appeal and overrule their first issue.  Tex. R. App. P. 33.1(a).

Appellants’ Attorney’s Fees

Section 245 of the Probate Code provides for the
recovery of reasonable attorney’s fees incurred in obtaining compliance
regarding any statutory duty that the personal representative has neglected.  Tex. Prob. Code Ann. § 245 (Vernon Supp. 2004-05).  Arguing that because the probate court imposed a constructive trust
on five of the twelve categories of contested property as a result of Merrill
Lynch’s alleged neglect, Appellants in their second issue complain that the
trial court abused its discretion in refusing to award them their attorney’s
fees.

An appellate court reviews a trial court’s
decision on the award of attorney’s fees for an abuse of discretion.  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).  “Whether to award
attorney's fees, and to which party, is a decision that is solely within the
trial court's discretion and will not be reversed absent a clear abuse of that
discretion.”  Sammons v. Elder, 940 S.W.2d 276, 284 (Tex. App.—Waco
1997, writ denied).  A trial court abuses its discretion when it acts
“without reference to any guiding rules or principles,” or stated another way,
when the trial court acts in an arbitrary and unreasonable manner.  City of
San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003) (quoting Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985)).  An abuse of discretion does not occur when a trial court bases its decision
on conflicting evidence.  Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997); Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978).

The probate court specifically concluded that
Merrill Lynch did not fail to use due diligence in recovering property
belonging to the estate.  And the probate court noted that on the five times
that it disagreed with Merrill Lynch on the categorization of property as
estate property or “contents of the home,” those disagreements were within the
zone of reasonable disagreement and amounted to approximately only 7% of the
value of the entire estate.  Merrill Lynch adds that it was not Appellants, but
Merrill Lynch, who sued for a constructive trust and for declaratory relief on
the contested property.  Additionally, in its decision to deny Appellants
recovery of their attorney’s fees, the probate court emphasized that Appellants
had lost on their claims to remove Merrill Lynch and to disgorge its executor’s
fee.  On the other hand, the probate court found that in some instances Merrill
Lynch’s conduct deviated from the ordinary standard of care and in some
instances may have been inadvertent, but the conduct did not rise to the level
of willful, malicious, or bad-faith conduct.

Based on the above and on the probate court’s
extensive and careful consideration of all the evidence and claims in this
case, we cannot say that the probate court abused its discretion in refusing to
award Appellants attorney’s fees.  Appellants’ second issue is overruled.

Merrill Lynch’s Attorney’s Fees

Appellants’ third issue challenges the probate
court’s award of attorney’s fees to Merrill Lynch.  The probate court found
that Merrill Lynch defended Appellants’ removal action in good faith and was
entitled to recover its attorney’s fees under section 149C(c) of the Probate
Code.  That section permits an independent executor to recover necessary
expenses, including attorney’s fees, if it defends an action for removal in
good faith, “whether successful or not.”  Tex.
Prob. Code Ann. § 149C(c) (Vernon 2003).  “[A]n executor acts in good
faith when [it] subjectively believes [its] defense is viable, if that belief
if reasonable in light of existing law.”  Lee v. Lee, 47 S.W.3d 767, 795
(Tex. App.—Houston [14th Dist.] 2001, pet. denied).

Merrill Lynch prevailed on Appellants’ claim to
remove it as independent executor for alleged gross misconduct or gross
mismanagement.  Appellants have not appealed the probate court’s ruling on their
removal claim.  Appellants’ brief points out several instances of Merrill
Lynch’s conduct that served as the basis for their removal claim, but those
instances do not pertain to Merrill Lynch’s defense of the removal action in
good faith.  Moreover, Appellants do not point to any actual harm that they
suffered, and the probate court specifically found that the estate suffered no
actual harm or damages from Merrill Lynch’s incorrect categorization of some of
the contested property.

The probate court did take issue with the
reasonableness of Merrill Lynch’s interpretation that the phrase “contents of
the home” included “personal property wherever located,” but in finding that
Merrill Lynch defended the action in good faith, the court noted that the
estate was not harmed and again that Merrill Lynch’s disagreements were
reasonable. The probate court did not abuse its discretion in awarding Merrill
Lynch attorney’s fees.  We overrule Appellants’ third issue.

Toni’s Attorney’s Fees

Finally, in their fourth issue, Appellants complain
of the probate court’s award of attorney’s fees to Toni, recoverable from
Appellants.  They assert that the probate court abused its discretion in
granting Toni leave to file a trial amendment, that no legal basis for the award
exists, and that Toni did not substantially prevail.

In Appellants’ earlier, superseded petitions,
they specifically sued for declaratory relief on the terms of the will and the
marital agreement, alleging that Toni had forfeited her benefits under the will
because of her alleged violations of the in terrorem clause.  In
response to Appellants’ suit, Merrill Lynch filed a counterclaim, adding Toni
as a third-party defendant and seeking declaratory relief on the property being
contested by Appellants.

In her response to Appellants’ request for
disclosure, Toni stated that she was seeking “recovery of her reasonable and
necessary attorney’s fees pursuant to the action for declaratory judgment.”  She
identified her attorney as an expert who would testify on attorney’s fees.  At the
time of trial, Toni’s amended answer requested an award of attorney’s fees; she
had not made a claim for affirmative relief.  She thus filed a motion for leave
to file a trial amendment to allege a claim for attorney’s fees, and the
probate court granted Toni leave.

Texas Rule of Civil Procedure 66 allows a party
to seek leave to file a trial amendment to its pleading if no prejudice or
surprise is shown by the opponent.  Tex.
R. Civ. P. 66; State Bar v. Kilpatrick, 874 S.W.2d 656, 658 (Tex. 1994).  Because of Toni’s response to Appellants’ request for disclosure, the probate court
found that Appellants could not seriously object to her proposed trial
amendment on grounds of surprise or prejudice.  We agree with the probate court
and hold that it did not abuse its discretion in allowing the trial amendment.

The probate court found that Appellants’ and
Merrill Lynch’s live pleadings implicitly sought declaratory relief.  See
Edwards Aquifer Auth. v. Bragg, 21 S.W.3d 375, 381 (Tex. App.—San Antonio
2002) (court has discretion to construe pleading as containing implicit request
for declaratory judgment), aff’d, 71 S.W.3d 729 (Tex. 2002).  We agree. 
And when one claimant has invoked the declaratory judgment statute, the other
party may plead for and recover attorney’s fees “as are equitable and just.”  Tex. Civ. Prac. & Rem. Code Ann. §
37.009 (Vernon 1997); Spiller v. Spiller, 901 S.W.2d 553, 560 (Tex.
App.—San Antonio 1995, writ denied).

While it is true, as Appellants claim, that
neither they nor Toni had direct claims against each other at trial, it is
undeniably true that Appellants and Toni were adverse parties.  Furthermore, “the award of attorney's fees in declaratory judgment actions is
clearly within the trial court's discretion and is not dependent on a finding
that a party ‘substantially prevailed.’”  Barshop v. Medina County Underground Water Conservation Dist., 925 S.W.2d 618, 637 (Tex. 1996).  The probate
court awarded Toni her attorney’s fees from Appellants, rather than from the
estate, because an award from the estate would have only diminished her income interest
in the trust.  We cannot say that the probate court abused its discretion, and
we overrule Appellants’ fourth issue.

Conclusion

          Having overruled Appellants’ four
issues, we affirm the probate court’s final judgment.  Because Appellants have
been unsuccessful in this appeal, Merrill Lynch is entitled to recover an
additional attorney’s fee of $15,000 from the estate, and Toni is entitled to
recover an additional attorney’s fee of $15,000 from Appellants.

 

 

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief
Justice Gray dissenting)

Affirmed

Opinion
delivered and filed August 31, 2005

[CV06]








 









    [1]       An
“in terrorem clause,” also called a no-contest clause, is a
“testamentary provision that threatens to dispossess any beneficiary who
challenges the terms of a will.”  Black’s
Law Dictionary 1073 (8th ed. 2000).





    [2]       Those
eight vehicles were: two Ferrari road cars parked in their usual place in the
marital home’s garage; a 2002 Porsche that was usually parked in the garage but
was out for repairs; a personal-use Ford Explorer usually parked either at the
home or office; a personal-use Subaru parked at the office; a 2001 Porsche and
a 1995 Ferrari given to Toni as gifts; and Toni’s personal Mercedes parked at
the home.

 





    [3]       Luhnau
had Toni sign a receipt and release dated October 31, 2002, pertaining to all
of Ed’s property that she had received:  the contents of the home, including a
gun collection and a watch collection; a 2001 Ferrari 360 Spider Modena; a 2000
Ferrari 550 Maranello; a 2002 Porsche 911 Turbo; a 1999 Ford Explorer; and a
2002 Subaru Impreza.





    [4]       At
the start of the trial, Appellants amended their pleading to remove the jewelry
and the watch collection as contested assets.  The probate court thus found
that the jewelry and the watch collection were not estate assets.





    [5]       Specifically,
the probate court granted Merrill Lynch’s motion for judgment without objection
by Appellants on their damage claims as to these three cars:  (1) the 2000
Ferrari 550 Maranello (whose debt exceeded its value and which had been
surrendered); (2) the 2001 Porsche 911 (whose debt exceeded its value); and (3)
the Mercedes ML 55-AMG, for which no title evidence was adduced and which Toni
claimed as her personal car.

 





    [6]       On
two grounds the probate court ruled against Appellants that all of Ed’s
personal property that could be “contents of the home” passed to the estate: 
(1) applying section 4.005 of the Family Code, the will did not revoke Ed and
Toni’s marital agreement; and (2) the marital agreement was not an invalid
testamentary transfer of Ed’s entire estate under section 450 of the
Probate Code.

 





    [7]       The
probate court found that “contents of the home” was ambiguous, so it utilized
section 58 of the Probate Code in ruling on the cars.  That section defines
“contents” as “tangible personal property, other than titled personal property,
found inside of or on a specifically bequeathed or devised item.”  Tex. Prob. Code Ann. § 58(d)(1) (Vernon
2003).  And it defines “titled personal property” to include motor vehicles.  Id. § 58(d)(2).

 





    [8]       Toni
testified that Ed had given the Explorer to his stepdaughter Nina (Toni’s child
from a previous marriage) but that she could not drive it until she entered
college.  Because a rift developed between Ed and Nina, in his codicil Ed
deleted a $100,000 bequest to Nina and deleted practically every reference to
Nina.  The probate court thus concluded that Ed never “delivered” the Explorer
to Nina as a gift.





    [9]       The
probate court found that Appellants had violated the no-derivative action
clause in part but nonetheless did not forfeit Appellants’ bequests under the
will.  Neither Appellants nor Merrill Lynch appeal this ruling.

 





    [10]      Appellants’
general prayer for relief in their petition is insufficient to cure the absence
of the specific claim and relief that they are seeking for the first time on
appeal; a general prayer for relief must be consistent with the claims in the
petition.  See Kissman v. Bendix Home Sys., Inc., 587 S.W.2d 675, 677
(Tex. 1979) (“Only the relief consistent with the theory of the claim reflected
in the petition may be granted under a general prayer.”); Stoner
v. Thompson, 578 S.W.2d 679, 684 (Tex. 1979) (general prayer for relief
cannot
“enlarge a pleading to the extent that it embraces an entirely different cause
of action for which fair notice does not exist.”).