**SAN JACINTO FINANCE CORPORATION v. PERKINS.**

No. 3376.

Court of Civil Appeals of Texas. El Paso.

May 14, 1936.

Warren P. Castle, of Houston, for appellant.

J. P. Williams, of Andrews, for appellee.

PELPHREY, Chief Justice.

On April 7, 1934, appellee purchased from the T. & S. Motor Company at Houston, Tex., a Chevrolet automobile and gave to appellant a note and chattel mortgage thereon. Appellee at that time lived in Montgomery county, but later moved to Andrews county. On June 30, 1935, appellant took a default judgment against appellee for $248.-40 and foreclosed the mortgage lien on the automobile. An execution and order of sale was later placed in the hands of the sheriff of Andrews county, and appellee filed this suit seeking to enjoin the sale of the automobile, for a postponement of the sale until appellee's rights could be adjudicated, and for $200 actual and $50 exemplary damages as against the San Jacinto Finance Corporation.

An injunction as prayed for was issued by the judge of the county court of Andrews county and a hearing set for September 27, 1935.

Appellant filed plea in abatement, plea to the jurisdiction of the court, a general demurrer, plea of res judicata, and motion to dissolve the temporary injunction.

The trial court overruled all these pleadings and motions, and the San Jacinto Finance Corporation has appealed.

### Opinion.

Appellant presents five assignments of error, but we feel that a consideration of only the second is necessary to a disposition of the appeal. That assignment questions the trial court's action on the special exception to the jurisdiction.

Article 4656, R.S.1925, provides that injunctions granted to stay execution on a judgment shall be returnable to, and tried to, the court where such judgment was rendered.

■ It has been held that one court has no jurisdiction of an action to enjoin the execution of the judgment of another court except in cases where the judgment is void. O'Banion v. Weaver (Tex.Civ.App.) 62 S.W.(2d) 212, and cases cited. Therefore, unless the judgment rendered in Harris county was void, the trial court had no jurisdiction of this suit.

■ Nullity of judgments results from want of a legally organized court or tribunal; want of jurisdiction over the subject matter or the parties; or want of power to grant the relief contained in the judgment. Freeman on Judgments (5th Ed.) § 325, p. 650.

■ There is nothing in this record to show that the Harris county court was not a legally organized tribunal; it admittedly had jurisdiction of both the subject matter and the parties; and had the power to grant the relief contained in the judgment.

It follows that the judgment was not void, and therefore the trial court was without jurisdiction to hear and determine the matter.

The judgment will be reversed and the cause remanded, with instructions to either dismiss the case or transfer it to the county court at law of Harris county as appellee may elect.