Gary B. WADKINS, et al., Appellants,

v.

DIVERSIFIED CONTRACTORS, INC., Appellee.

No. 01–87–00148–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1987.

Meyer Jacobson, Houston, for appellants.

Rhett G. Campbell, Morris & Campbell, Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a summary judgment dismissing appellants' bill of review.

The main question for our determination is whether a litigant may willfully forfeit its right to appeal, and instead, attempt to enforce its rights by a bill of review.

Appellee originally sued appellants Wadkins Corporation and Gary Wadkins, the corporation's president and sole owner, for money damages arising from a breach of contract by the Wadkins Corporation and for other alleged wrongful acts by Gary Wadkins.

On December 11, 1985, the trial court granted appellee's summary judgment against appellants. On March 26, 1986, appellants filed a motion for new trial, alleging that they had received no notice of the judgment until February 24, 1986. The motion for new trial was overruled by operation of law on May 10, 1986.

Appellants, by their own admission, purposely filed an appeal bond later than allowed by the rules, Tex.R.App.P. 41, and purposely did not file a motion to extend the time for such filing. Appellants' excuse for the purposeful late filing was that they could not prove the date that they received notice of the judgment, as required by Tex.R.Civ.P. 306a(4) and (5). We dismissed the appeal. *Wadkins v. Diversified Contractors, Inc.*, 714 S.W.2d 136 (Tex.App.—Houston [1st Dist.] 1986, no writ). Appellants then filed a bill of review to set aside the judgment.

On December 8, 1986, the trial court granted appellee's motion for summary judgment on appellants' bill of review.

In their brief, appellants claim that the trial court erred in granting summary judgment because:

(1) there were material fact issues involved; and

(2) the law on the subject did not warrant the granting of summary judgment.

Initially, appellants contend that we cannot properly review this cause without referring to the record in the first appeal, which contains the appellants' sworn answer, and the admissions and answers thereto filed in the original suit. Appellants have not made those records a part of the immediate appellate record. Those records, according to appellants, would show that the court erroneously granted summary judgment in the first cause.

■ It is the appellants' duty to introduce the transcript and statement of facts in the original suit if the appellate court needs them in order to review the bill of review record. *Petro-Chemical Transp., Inc. v. Carroll*, 514 S.W.2d 240 (Tex.1974). We are not permitted to inspect or consider other records not part of the record before us. If, as appellants contend, we cannot review the immediate case without reference to the record in the original case, appellants should have introduced the prior

record in the trial court and included it in the record of the case now on appeal. *Moody House, Inc. v. Galveston County,* 687 S.W.2d 433 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

Before appellants may prevail on a bill of review of the type presented herein, they must prove:

(a) a meritorious defense to the cause of action alleged to support the judgment;

(b) which they were prevented from making by the fraud, accident, or wrongful act of the opposing party; and

(c) their inability to appeal the case is unmixed with any fault or negligence of their own.

*Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950). A litigant may be relieved of proving fraud, accident or wrongful act of the opposing party by showing that he or she was deprived of the right to appeal because of an act or the omission thereof by an officer of the court. *Hanks v. Rosser,* 378 S.W.2d 31 (Tex.1964). In our case, appellants have shown that they were prevented from filing a timely motion for new trial in the original case because of the trial court's failure to notify them that judgment was entered. But the record before us is devoid of any evidence that appellants pled a meritorious defense in the original action, or that their inability to appeal the original case was unmixed with any fault or negligence of their own. The record affirmatively shows that appellants' failure to effect appellate review of the original action was not only negligence, but was a willful decision to not timely file an appeal bond, and a willful, conscious decision to not request an extension of time to file the appeal bond.

The requirement that an appellant show that the failure to appeal was unmixed with any fault or negligence on his part may not be satisfied, as appellants contend, by showing that the failure to appeal was willful. Appellants may not raise points of error in a bill of review that have been or could have been raised by appeal in the original proceeding. *Smith v. Rogers,* 129 S.W.2d 776 (Tex.Civ.App.—Galveston 1939, no writ).

Appellants' two points of error are overruled.

The judgment is affirmed.