Lonita McVEIGH, Leah McVeigh, and George Bishop, Appellants,

v.

Karen A. LERNER, Appellee.

No. 01–91–00927–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 18, 1993.

Rehearing· Denied April 15, 1993.

**912**

George M. Bishop, Houston, for appellants.

Michael Charlton, Houston, for appellee.

Before SAM BASS, DUNN and WILSON, JJ.

SAM BASS, Justice.

The McVeighs and Bishop appeal from a summary judgment for an injunction and/or for declaratory relief. The summary judgment concerned appellate attorneys' fees in a 1987 legal malpractice judgment against Lerner. Lerner contends she does not owe those amounts.

We reverse and render judgment on one of two causes of action, and dismiss the other for lack of subject matter jurisdiction. We remand to apportion funds on deposit among the several appellants and to disburse those funds in accordance with that apportionment. We deny appellants' motion for rehearing, withdraw our previous opinion, and substitute the following.

In 1987, the McVeighs obtained a legal malpractice judgment against Lerner in the 61st District Court of Harris County for approximately $10,000, excluding attorneys' fees awards, which provided:

> It is further ORDERED that the Plaintiff, LONITA McVEIGH recover her attorney's fees as found by the jury as follows:
>
> A. $18,000.00 for preparation and trial of this case;
>
> B. $3,000.00 for an appeal to one of the Courts of Appeals;
>
> C. $6,500.00 for an application for Writ of Error to the Supreme Court of Texas; and
>
> D. $6,500.00 for services to be rendered in the Supreme Court of Texas.

Following this judgment, *the McVeighs brought a limited appeal* pursuant to TEX. R.APP.P. 40(a)(4), contending the judgment should have been for a greater amount. The McVeighs were represented by Bishop in the Fourteenth Court of Appeals, which affirmed the malpractice judgment.[1] The

---

1. In *McVeigh v. Lerner,* No. C14–87–00465–CV, 1989 WL 14088 (Tex.App.—Houston [14th Dist.] Feb. 23, 1989, writ denied) (unpublished), the McVeighs complained that the trial court erred (a) in entering judgment for less than the full amounts awarded by the jury for actual damages; (b) in submitting the issue of contributory negligence to the jury; and (c) by applying the doctrine of contributory negligence in formulating its judgment on the McVeighs' claim under the Texas Deceptive Trade Practices–Consumer Protection Act. Lerner raised one cross-point, requesting the imposition of sanctions against the McVeighs under TEX.R.APP.P. 84. The Fourteenth Court overruled all points and cross-points, and affirmed.

judgment became final upon denial of their application for a writ of error, on October 25, 1989.

Lerner failed to satisfy the judgment voluntarily, so a writ of execution was issued. To prevent execution, Lerner paid $52,-348.51 under protest, and filed an action in the 151st District Court seeking an injunction prohibiting the distribution of the funds, and/or a declaration of the amount she owed under the judgment. The district court entered a temporary restraining order. The parties agreed on a distribution of the bulk of the funds. The balance, approximately $12,000, was the disputed attorneys' fees, and remains on deposit in the district court.

The district court granted summary judgment in favor of Lerner. Bishop and the McVeighs appeal, on two points of error. First, they contend the summary judgment was outside the scope of the 151st District Court's jurisdictional authority under Tex.Civ.Prac. & Rem.Code Ann. § 65.023 (Vernon 1986). Second, they assert the district court erred in granting summary judgment, because, *inter alia,* the 1987 malpractice judgment is clear, unambiguous, and to be afforded full force and effect as written; any error in the attorneys' fees award should have been raised by bringing a cross-point in the limited appeal in the Fourteenth Court or, if necessary, by perfecting an independent appeal of the 1987 legal malpractice judgment.

■ The order granting summary judgment does not specify the grounds for that ruling. The summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Insurance Co. of N. Am. v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ). Lerner advanced two such grounds: a claim for injunction, and a claim for declaratory relief.

We consider appellants' point of error number two.

■ Lerner contends she does not owe these attorneys' fees because the McVeighs did not succeed on their limited appeal from the 1987 judgment. She reasons the award of appellate attorneys' fees to the McVeighs, included in the 1987 judgment, was "implicitly conditioned" on the McVeighs' success on appeal, and she cites *Robinwood Building and Development Co. v. Pettigrew,* 737 S.W.2d 110, 112 (Tex. App.—Tyler 1987, no writ). *Robinwood* stands, at most, for the proposition that if a judgment is overturned on appeal, then all awards of attorneys' fees are thereby voided just as are awards of actual or punitive damages, and those fee awards are, in that event, not to be enforced, even if they are "unconditional" in that they are not expressly conditioned upon the appellant's failure to prevail on appeal. 737 S.W.2d at 112. Because the trial court's judgment was affirmed in *Robinwood,* however, this statement is too strong to be a fair characterization of the case's holding on fees. The one-paragraph discussion of the fee stands only for the proposition that a trial court's judgment is not void merely because it includes a facially unconditional award of appellate attorneys' fees to an appellee. *Robinwood* does not address the question of whether a facially unconditional award of appellate attorney's fees to the party who prevailed in the trial court is to be enforced as written if *that party* takes a limited appeal and fails to prevail. Nor does *Robinwood* authorize a party to wait until a judgment successfully survives the appellate process and stands at the threshold of execution and then complain for the first time about the facially unconditional nature of an attorneys' fees contained in that judgment. Any error in the unconditional award of appellate attorneys' fees must be challenged on appeal or the award will be enforced in accordance with the terms of the judgment.

■ Lerner did not assign error in the attorneys' fees award, either in an independent appeal of the 1987 legal malpractice judgment or in a cross-point in the limited appeal in the Fourteenth Court. Such error, if any, therefore is no longer susceptible of correction. *See Baxter v. Ruddle,* 794 S.W.2d 761, 762 (Tex.1990) (improper division of property in divorce was "mere" error that made judgment voidable, not void; once time for perfection of appeal had expired, such error could not be cor-

rected and property division was enforced as recited in judgment, even if division was erroneous). Accordingly, as between the parties to this appeal, the purported error in the award of attorneys' fees is not error to us here, in that such error is on this appeal now an inalterable and unreviewable part of the final adjudication and determination of the rights of these parties as against each other. When the Texas Supreme Court denied the McVeighs' application for a writ of error from the judgment of the Fourteenth Court of Appeals, that judgment was dispositive of any claim for declaratory relief that Lerner raised or could have raised in the district court concerning the attorneys' fees award involved. *See Alexander v. Stanolind Oil & Gas Co.*, 192 S.W.2d 781, 786 (Tex.Civ.App.— Galveston 1946, writ ref'd n.r.e.) (final judgment of appellate court has same conclusive effect on the parties as an unappealed final trial court judgment, and is a final determination of every question involved in the appeal, whether addressed or not); *see also Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) (all errors other than jurisdictional deficiencies render judgment merely voidable, and such errors must be corrected on direct attack); *Wadkins v. Diversified Contractors, Inc.*, 734 S.W.2d 142, 144 (Tex.App.—Houston [1st Dist.] 1987, no writ), citing *Smith v. Rogers*, 129 S.W.2d 776 (Tex.Civ.App.—Galveston 1939, no writ) (points of error that can be raised on appeal must be raised then, because they cannot be raised later, even in bill of review proceeding). The summary judgment cannot stand on appellee's claim for declaratory relief.

Point of error number two is sustained with respect to appellee's claim for declaratory relief.

We proceed to appellants' point of error number one.

■ Section 65.013 of the Texas Civil Practice and Remedies Code permits suit for an injunction to stay execution of a judgment. TEX.CIV.PRAC. & REM.CODE ANN. § 65.013 (Vernon 1986). Section 65.023 provides, however, that trial of such a claim must be had in the court in which the judgment in question was rendered. TEX.

CIV.PRAC. & REM.CODE ANN. § 65.023 (Vernon 1986).

■ Section 65.023 is intended to ensure that comity prevails among the various trial courts of Texas, because "[o]rderly procedure and proper respect for the courts will require that ... attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately." *Lloyds Alliance v. Cook*, 290 S.W.2d 716, 718 (Tex. Civ.App.—Waco 1956, no writ) (concerning TEX.REV.CIV.STAT.ANN. art. 4656, the predecessor statute of section 65.023). The statute controls not just venue of such a suit, but also jurisdiction as well, so long as the judgment in question is valid on its face. *International Security Life Ins. Co. v. Riley*, 467 S.W.2d 213, 214 (Tex.Civ.App.— Amarillo 1971, writ ref'd n.r.e.). This latter requirement of facial validity is a requirement that the judgment not be void. *San Jacinto Fin. Corp. v. Perkins*, 94 S.W.2d 1213, 1214 (Tex.Civ.App.—El Paso 1936, no writ). "A judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. [Other errors] render the judgment merely voidable...." *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987) (quoting *Browning*, 698 S.W.2d at 363); *accord San Jacinto Fin.*, 94 S.W.2d at 1214.

We need not and do not decide the precise question of whether the 61st District Court's award of attorneys' fees to Bishop and the McVeighs was erroneous, as that question is not germane to the disposition of this appeal. Instead, the correct inquiry is: if there was error in the 61st District Court's award of appellate attorneys' fees to the McVeighs, does that error render the 1987 legal malpractice judgment void?

The 1987 legal malpractice judgment rendered in the 61st District Court was at worst merely voidable, not void. *See Robinwood*, 737 S.W.2d at 112; *see also Brown v. Bonougli*, 111 Tex. 275, 232 S.W. 490, 491 (1921) (including in an execution an excessive charge for costs renders it

merely irregular, not void). If section 65.-023 applies in this instance, it controls not just venue of a claim for injunctive relief to enjoin execution of the 1987 legal malpractice judgment, but also subject matter jurisdiction over such a claim. *Riley*, 467 S.W.2d at 214.

Lerner's claim was not on its face a claim for an injunction to stay execution of the 1987 judgment. Her claim was for an injunction restraining and enjoining the distribution of the funds Lerner paid under protest to prevent execution on the 1987 judgment. We believe this distinction to be immaterial, given the purpose of section 65.023, to promote comity among the various trial courts of Texas.

■■■■ The simple expedient of a payment under protest to the constable cannot suffice to convert a suit to stay execution of a judgment into a suit to enjoin the payment of money such that the suit is taken outside the scope of section 65.023. The disbursement of such funds at the direction of a second court in some fashion different than that contemplated by the original judgment does as much violence to the dignity of the court in which that judgment was rendered as would the action more squarely within the literal wording of section 65.023—namely, the entry by the second court of an injunction staying execution of the first court's judgment. The purpose of execution of a judgment is not merely to take property out of the hands of the losing party, but rather is also to transfer that property to the hands of the prevailing party—where, by virtue of the judgment itself, it has been decided through due process and course of law that the property belongs. We construe section 65.-023 to preclude a court from interfering in the execution of a judgment rendered by a sister court of this state, whether that interference takes place at the outset of the execution or midway through it, after the execution process has taken property from the judgment debtor but has not yet transferred it to the judgment creditor. We conclude section 65.023 barred the bringing of a claim for injunctive relief to stay execution of the 1987 legal malpractice judgment in any court but the 61st District Court of Harris County. Section 65.023

deprived the 151st of subject matter jurisdiction on Lerner's claim for injunctive relief.

Beyond considerations of comity among the courts of this state, there is another reason why we believe the construction we place upon section 65.023 is both correct and appropriate. If a payment under protest to the constable were sufficient to convert a suit to stay execution of a judgment into a suit to enjoin the payment of money and thereby take the suit outside the scope of section 65.023, then the statute would be made a nullity, subject to evasion at will, where the parties with means to make such a payment under protest were concerned. Compliance with section 65.023 would, however, at the same time remain a jurisdictional necessity for parties without sizeable funds to draw upon. Such an irrational result cannot be in keeping with the intent of the legislature.

Point of error number one is sustained with respect to appellee's claim for injunctive relief. The summary judgment cannot stand on appellee's claim for injunction.

Having found the 151st District Court lacked subject matter jurisdiction over the claim for injunctive relief, dismissal of that cause of action is the only proper course of action. *Quest Microwave, Inc. v. Bedard*, 756 S.W.2d 426, 238–49 (Tex.App.—Dallas 1988, no writ).

We reverse the summary judgment entered below. We render judgment that Lerner's claim for injunctive relief is dismissed without prejudice, for lack of subject matter jurisdiction; Lerner take nothing on her claim for declaratory relief; and the award of appellate attorneys' fees is to be enforced in accordance with the plain terms of the judgment. We remand to the 151st District Court for entry of an order apportioning the funds on deposit in the registry of the court among appellants Lonita McVeigh, Leah McVeigh, and George Bishop, and disbursing those amounts promptly to the parties entitled to them.