

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00897-CV

**IN THE ESTATE OF** William Thomas **BOOTH**

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2012-PC-2786
Honorable Tom Rickhoff, Judge Presiding

**OPINION ON DENIAL OF MOTION FOR REHEARING**

Opinion by:　Jason Pulliam, Justice

Sitting:　　Marialyn Barnard, Justice
　　　　　Rebeca C. Martinez, Justice
　　　　　Jason Pulliam, Justice

Delivered and Filed:　July 6, 2016

AFFIRMED

Appellant's motion for rehearing is denied. This court's opinion and judgment dated April 13, 2016 are withdrawn, and this opinion and judgment are substituted. We substitute this opinion to correct references to the facts in *Spiller v. Spiller*, 901 S.W.2d 553 (Tex. App.—San Antonio 1995, writ denied), and to further explain our holding.

Kay Lynn Maynard appeals the probate court's order denying her claim requesting "full payment" of the $200,000 in attorney's fees awarded to her in a Final Judgment and Decree of Divorce entered by a trial court on August 10, 2012, which judgment was subsequently affirmed by this court. *See Maynard v. Booth*, 421 S.W.3d 182 (Tex. App.—San Antonio 2013, pet. denied). In her first issue, Maynard contends this court's mandate in the prior appeal required the probate

court to award her the entire $200,000 in attorney's fees, and any complaint that the appellate attorney's fees awarded in that judgment should have been conditioned upon her success in the prior appeal was waived by the appellee's failure to challenge the unconditional award in the prior appeal. In the event this court determines the probate court erred in denying her claim, Maynard also asserts a second issue contending the probate court erred in failing to award her attorney's fees incurred in pursuing her claim. We affirm the probate court's order.[1]

## BACKGROUND

On September 22, 2011, in connection with their divorce, Maynard and William Booth signed a settlement agreement dividing their marital assets. A dispute subsequently arose with regard to whether Booth breached the settlement agreement. The trial court found Booth breached the agreement and entered a Final Judgment and Decree of Divorce on August 10, 2012. In the judgment, the trial court awarded Maynard the following attorney's fees:

> IT IS FURTHER ORDERED, ADJUDGED and DECREED that KAY LYNN MAYNARD BOOTH recover attorney's fees reasonably and necessarily incurred after October 12, 2011, for services rendered in the trial through June 28, 2012, in the amount of Two Hundred Thousand Dollars ($200,000); provided, however, if this case is not appealed to the court of appeals, One Hundred-Thirty Thousand Dollars ($130,000) shall be remitted; provided further, if this case is appealed to the Court of Appeals, but not to the Texas Supreme Court, Fifty Thousand Dollars ($50,000) shall be remitted.

After Booth passed away on August 29, 2012, Maynard timely filed a notice of appeal. In her appeal, Maynard asserted she should have been awarded $42,000 in lost hog hunting income, instead of only $18,000, and also should have been awarded an additional $178,000 in attorney's fees. *Maynard*, 421 S.W.3d at 183. This court overruled Maynard's issues on appeal and affirmed

---

[1] Because we overrule Maynard's first issue and affirm the probate court's order, we do not further address Maynard's second issue.

the trial court's judgment.[2] *Id*. at 186. Maynard filed a petition for review with the Texas Supreme Court which was denied. This court's mandate issued on June 9, 2014.

On April 30, 2014, Maynard filed a claim in the probate proceeding filed after Booth's death. In the claim, Maynard requested the probate court to order the executor to pay her the entire $200,000 in attorney's fees awarded in the 2012 judgment. After a hearing on Maynard's claim, the probate court entered an order denying the claim. Maynard appeals.

### DISCUSSION

Maynard contends the probate court erred in denying her claim because Booth failed to challenge the trial court's unconditional award of appellate attorney's fees in the prior appeal, and the award cannot be modified after this court issued a mandate affirming the trial court's judgment. In support of her position, Maynard primarily relies on *McVeigh v. Lerner*, 849 S.W.2d 911, 913 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

In *McVeigh*, the appellants obtained a legal malpractice judgment against the appellee in 1987. 849 S.W.2d at 912. The judgment awarded attorney's fees for preparation and trial of the case and also provided for an additional award of $3,000.00 in attorney's fees if the judgment was appealed to the court of appeals and an additional award of $6,500.00 in attorney's fees if a writ of error application was filed in the Texas Supreme Court. *Id*. The appellants appealed the judgment, asserting they should have been awarded a greater amount. *Id*. The court of appeals affirmed the judgment, and the Texas Supreme Court denied the appellants' writ of error application. *Id*. at 912-13.

Once the judgment was final, the appellants obtained a writ of execution. *Id*. at 913. To prevent execution, the appellee filed a separate lawsuit seeking a declaration of the amount she

---

[2] In our opinion, we noted the attorney's fees were awarded for breach of contract pursuant to section 38.001(8) of the Texas Civil Practice and Remedies Code. *Id*. at 186.

owed under the judgment. *Id*. The trial court granted summary judgment in favor of the appellee. *Id*. On appeal, the appellants contended the trial court erred in granting the summary judgment because any issue regarding any error in the attorney's fees awarded in the 1987 judgment should have been raised in the prior appeal. *Id*. The appellee asserted the appellants were not entitled to the appellate attorney's fees because they were not successful in their appeal, contending the award of appellate attorney's fees was implicitly conditioned on such success. *Id*.

The Houston court disagreed with the appellee, concluding, "Any error in the unconditional award of appellate attorney's fees must be challenged on appeal or the award will be enforced in accordance with the terms of the judgment." *Id*. The Houston court asserted that because no issue was raised regarding the attorney's fees award in the prior appeal, any error in that award was "no longer susceptible of correction" but became "an inalterable and unreviewable part of the final adjudication and determination of the rights of [the] parties as against each other." *Id*. at 913-14. The Houston court reversed the trial court's summary judgment and held "the award of appellate attorney's fees is to be enforced in accordance with the plain terms of the [1987] judgment." *Id*. at 915.

In a footnote in her brief, Maynard references this court's prior decision in *Spiller v. Spiller*, 901 S.W.2d 553 (Tex. App.—San Antonio 1995, writ denied), asserting Booth's Estate cannot "rely on cases where the unconditional nature of the attorneys fee award was actually complained about in the appeal of the judgment containing that award." We disagree with Maynard's reading of our prior decision.

In *Spiller*, a judgment was entered in 1984 in an action to quiet title. 901 S.W.2d at 555. The judgment quieted title in the appellee, but awarded money judgments to the appellant for a note and improvements made to the property. *Id*. The 1984 judgment was appealed, and the court of appeals affirmed the judgment as modified. *Id*.

In 1993, a second lawsuit was filed in which both parties sought an interpretation of their rights under the 1984 judgment. *Id*. at 556. The 1993 judgment awarded the appellee "$9,500.00 in appellate fees through the filing of a writ of error, with remittiturs at each appellate stage in the event the appeals were not sought." *Id*. at 560. The appellant asserted the appellate fees were required to be "predicated on [the] success or failure of the appellee in the appellate process." *Id*. This court agreed, asserting, "It is implicit in a court's judgment [] that an award of appellate attorney fees is conditioned on a successful appeal." *Id*.; *see also Solomon v. Steitler*, 312 S.W.3d 46, 59 (Tex. App.—Texarkana 2010, no pet.) (recognizing award of appellate attorney's fees "implicitly requires success in order to recover the fees" and reforming "the judgment to explicitly clarify that the award is conditional"); *In re Marriage of Reinauer*, 946 S.W.2d 853, 862 n.6 (Tex. App.—Amarillo 1997, pet. denied) (finding conditional award of appellate attorney's fees implicit in trial court's judgment); *Robinwood Bldg. & Dev. Co. v. Pettigrew*, 737 S.W.2d 110, 112 (Tex. App.—Tyler 1987, no writ) (asserting "it is implicit in the court's judgment that all the attorneys' fees awarded, trial and appellate, are conditioned on the judgment's successful survival of the appellate process"). This court concluded, "Although the judgment before us is not specific that attorney's fees are contingent upon appellee's success on appeal, we conclude that the award implicitly requires success in order to recover the fees." *Id*. Therefore, in *Spiller*, this court held the conditional nature of an award of appellate attorney's fees is implicit in a trial court's judgment. *See id*. Our holding that the conditional nature of the award of appellate attorney's fees is implicit in a trial court's judgment means a trial court's judgment that does not expressly condition the award of appellate attorney's fees on a successful appeal does not contain any error because the judgment implicitly conditions the award of appellate attorney's fees upon a successful appeal. Accordingly, no issue is required to be raised in a direct appeal challenging the absence of express

conditional language in a trial court's judgment because the trial court's judgment already implicitly contains the conditional language.

We agree with our prior holding in *Spiller* and reject the Houston court's holding in *McVeigh*. Accordingly, we affirm the probate court's order denying Maynard's claim requesting payment of the entire $200,000 in attorney's fees awarded in the 2012 judgment because the appellate attorney's fees awarded in that judgment were conditioned upon Maynard's success on appeal; however, Maynard's appeal and petition for review were not successful.

### CONCLUSION

The probate court's order is affirmed.

Jason Pulliam, Justice