In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00112-CV**
_____

**PATRICIA SHAW, Appellant**

**V.**

**JOSEPH SHAW, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-03-03245-CV**

**MEMORANDUM OPINION**

Appellant Patricia Shaw ("Patricia," "plaintiff," or "Appellant") appeals from the trial court's order denying her Petition for Bill of Review and dismissing her claims. We affirm.

Procedural Background

Petitions for Bill of Review

On March 15, 2016, Patricia filed an Original Petition for Bill of Review in cause number 16-03-03245 ("the BOR"). Patricia also filed a First Amended Petition

1

on April 4, 2016, a Verified Second Amended Petition on June 29, 2016, and a Verified Third Amended Petition on January 20, 2017. Patricia's Verified Third Amended Petition[1] alleges that she sued Joseph Shaw ("Joseph," "defendant," or "Appellee") in cause number 15-02-01943 ("the 2015 Suit") "for an illegal transfer of property outside of probate." Patricia alleged that the court in the 2015 Suit granted Joseph's motion for summary judgment on January 8, 2016. In the BOR, Patricia sought reinstatement of the 2015 Suit and for the court to set aside the summary judgment granted in the 2015 Suit. In the BOR, Patricia failed to attach any exhibits, pleadings, orders, or evidence from the 2015 Suit.

Plea to the Jurisdiction

On May 19, 2016, Joseph filed an Original Answer, Plea to the Jurisdiction and Special Exceptions in the BOR proceeding. Therein, Joseph argued that Patricia had failed to satisfy the requirements for a bill of review, that the allegations in the petition were "so general that Defendant does not have fair notice of the claim[,]" and that Patricia had failed to provide prima facie evidence of her claims. Joseph requested that the court sustain Joseph's special exceptions and dismiss Patricia's petition for a bill of review. The clerk's record contains no responsive pleadings

---

[1] The Verified Third Amended Petition was the live pleading at the time the trial court denied the Petition for Bill of Review and dismissed the cause.

2

from Patricia. However, Patricia did subsequently file a Verified Second Amended Petition and Verified Third Amended Petition.

<u>Hearing</u>

The court held a hearing on the defendant's plea to the jurisdiction on January 26, 2017. The defendant argued that relief from a summary judgment may not be sought by way of a bill of review, and even if it could be, that plaintiff had not filed a motion for new trial or direct appeal in the 2015 Suit. Plaintiff appeared at the hearing and argued that two conflicting rulings existed: one from the 2015 Suit that said the deed conveying property was proper and another from a probate proceeding that determined that a will was not properly executed. Plaintiff also argued that she had satisfied the bill of review requirement to show "some sort of a fraud" because "in the probate matter it was argued that it wasn't a properly executed document[]" and the deed was executed at the same time as the will but not filed until ten days after the grantor's death.

The following exchange occurred at the hearing:

THE COURT: Well, nevertheless, the Court has entered a final judgment. This Court entered a final judgment by virtue of the summary judgment that I granted in Cause Number 15-02-01943. Correct?

[Plaintiff's counsel]: Correct.

THE COURT: All right. And so there was no appeal from that. There was no motion for new trial subsequent to the summary judgment being granted. Correct?

[Plaintiff's counsel]: Correct.

The court explained that it did not "see any basis for the Bill of Review[.]" On January 27, 2017, the court signed an order denying the bill of review and dismissing the cause. Patricia timely appealed to this Court.

## Issues on Appeal

In two issues, Appellant argues that the trial court erred in denying her Petition for Bill of Review and dismissing her claims. In her first issue, Appellant argues that the trial court erred in granting summary judgment for Joseph because the quitclaim deed that purported to convey the property to him was not dated and was not recorded until after the Grantor's death. In her second issue, Appellant argues that the quitclaim deed was not a valid transfer because it was executed contemporaneously with the Grantor's will, when the Grantor was under hospice care for advanced cancer. Appellee filed no appellate brief, and the case was submitted to this Court on Appellant's brief only.

## Applicable Law

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new

4

trial or appeal. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). Courts narrowly construe the grounds on which a plaintiff may obtain a bill of review due to the fundamental public policy favoring the finality of judgments. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012).

A party seeking relief in a bill of review proceeding must plead and prove three elements: (1) a meritorious defense to the underlying cause of action, (2) which the party was unable to present by virtue of fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any negligence of her own. *Caldwell*, 154 S.W.3d at 96 (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406-07 (Tex. 1979)). As to the first element, where, as here, the petitioner participated in the underlying suit, the petitioner must demonstrate a meritorious ground for appeal instead of a meritorious defense. *See Morris v. O'Neal*, 464 S.W.3d 801, 805 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974) (quoting *Overton v. Blum*, 50 Tex. 417, 426 (1878)). The second bill-of-review element requires a party to justify its failure to present a defense or appeal by alleging fraud, accident, wrongful act by another party, or official mistake. *See Mabon Ltd.*, 369 S.W.3d at 812. The third bill-of-review element, lack of fault or negligence, requires a party to show that it diligently

5

pursued all adequate legal remedies. *Id.* at 813; *see also Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) (per curiam) (noting that a bill-of-review plaintiff's failure to seek reinstatement, new trial, or a direct appeal, if available, would normally constitute negligence). A party may not raise points of error in a bill of review that have been or could have been raised by appeal in the original proceeding. *See Wadkins v. Diversified Contractors, Inc.*, 734 S.W.2d 142, 144 (Tex. App.—Houston [1st Dist.] 1987, no writ) (citing *Smith v. Rogers*, 129 S.W.2d 776 (Tex. Civ. App.—Galveston 1939, no writ)).

To invoke a court's equitable powers, a bill of review complainant must file a petition that alleges "with particularity, sworn facts sufficient to constitute defense and . . . present prima facie proof to support the contention." *See Baker*, 582 S.W.2d at 408. Prima facie proof of a meritorious defense to the underlying claim may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion. *Id.* at 409; *see also Martin v. Martin*, 840 S.W.2d 586, 591 (Tex. App.—Tyler 1992, writ denied).

Because a bill of review is a direct attack on a judgment, it must be brought in the court that rendered the original judgment, and only that court has jurisdiction over the bill. *Fernandez*, 315 S.W.3d at 504; *Martin v. Stein*, 649 S.W.2d 342, 346

6

(Tex. App.—Fort Worth 1983, writ ref'd n.r.e.) (per curiam) ("A bill of review . . . is not a means of appeal of a judgment of one trial court to another trial court."). A bill of review must be filed within four years after the judgment is signed (absent extrinsic fraud). *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012).

"In reviewing the grant or denial of a bill of review, every presumption is indulged in favor of the court's ruling, which will not be disturbed unless it is affirmatively shown that there was an abuse of judicial discretion." *Saint v. Bledsoe*, 416 S.W.3d 98, 101 (Tex. App.—Texarkana 2013, no pet.). A trial court abuses its discretion only "if it has acted in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles." *Id.* at 101-02 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). When the inquiry on a petition for bill of review concerns a question of law, an appellate court reviews the trial court's decision de novo. *Mosley v. Dallas Cty. Child Protective Servs.*, 110 S.W.3d 658, 661 (Tex. App.—Dallas 2003, pet. denied); *Jordan v. Jordan*, 36 S.W.3d 259, 263 (Tex. App.—Beaumont 2001, pet. denied).

Analysis

On the record before us, we find no error by the trial court in denying the petition for bill of review. We first note that Appellant's brief fails to provide any citations to the record. *See* Tex. R. App. P. 38.1(i). In addition, our appellate record

7

lacks any documentation of the exhibits, pleadings, proceedings, evidence, or orders in the 2015 Suit that Appellant challenges in her bill of review. *See Baker*, 582 S.W.2d at 409; *see also Petro-Chem. Transp.*, 514 S.W.2d at 246 (stating bill of review petitioner "should set out in his petition with some particularity the errors he claims were committed against him in the trial and disposition of the original suit" and that "[h]e should also introduce the transcript, and the statement of facts where needed in the consideration of the alleged errors, in the original suit"); *Wadkins*, 734 S.W.2d at 143 ("It is the appellants' duty to introduce the transcript and statement of facts in the original suit if the appellate court needs them in order to review the bill of review record.") (citing *Petro-Chem.*, 514 S.W.2d at 246). Nothing in the record indicates that Patricia sought to have the trial court take judicial notice of the exhibits, pleadings, evidence, or final order in the 2015 Suit. *See Morris*, 464 S.W.3d at 808-09 (explaining that because bill of review proceedings are independent, the final order challenged by a bill of review is part of the record of a different case) (citing *McDaniel v. Hale*, 893 S.W.2d 652, 673-74 (Tex. App.—Amarillo 1994, writ denied) (op. on reh'g).

Appellant admitted to the trial court at the BOR hearing that no motion for new trial had been filed in the 2015 Suit and she did not oppose the court's observation that no appeal had been taken from the 2015 Suit. Although Appellant

8

argued that "some sort of a fraud" was involved as to her claim in the 2015 Suit regarding the validity of the quitclaim deed, she made no argument that she had been unable to present a meritorious defense to (or appeal of) the 2015 Suit due to fraud and not due to her own negligence. *See Caldwell*, 154 S.W.3d at 96. A bill-of-review plaintiff's failure to seek reinstatement, new trial, or a direct appeal normally constitutes negligence that frustrates a prima facie case in a bill of review proceeding. *See Gold*, 145 S.W.3d at 214; *see also Wadkins*, 734 S.W.2d at 144 (A party may not raise points of error in a bill of review that could have been raised by appeal in the original proceeding.).

On this record, we conclude that the trial court did not abuse its discretion. Appellant failed to present prima facie proof of a meritorious defense unmixed with her own negligence and therefore the trial court did not err in denying the petition for bill of review and dismissing the cause. *See Maree v. Zuniga*, 502 S.W.3d 359, 362 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("If the trial court concludes that the bill-of-review petitioner has not presented prima facie proof of a meritorious defense, then the trial court should dismiss the petition based on this failure.") (citing *Baker*, 582 S.W.2d at 408-09; *Boateng v. Trailblazer Health Enterprises, L.L.C.*, 171 S.W.3d 481, 487-88 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

We overrule Appellant's issues and affirm the order of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 24, 2017
Opinion Delivered February 1, 2018

Before Kreger, Horton, and Johnson, JJ.