**Opinion issued July 8, 2021**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00926-CV

_____

## ROBERT J. SALAZAR AND ELIA SALAZAR, Appellants

## V.

## HP TEXAS I LLC D/B/A HP TEXAS LLC, HPA TEXAS SUB 2016-1 LLC, SER TEXAS LLC, AND PATHLIGHT PROPERTY MANAGEMENT CO., Appellees

---

### On Appeal from the 127th District Court
### Harris County, Texas
### Trial Court Case No. 2019-17589

---

## MEMORANDUM OPINION

Appellants Robert J. Salazar and Elia Salazar appeal the district court's denial

of their renewed application for a temporary injunction against appellees HP Texas

I LLC d/b/a HP Texas LLC ("HP Texas"), HPA Texas Sub 2016-1 LLC ("HPA"), Ser Texas LLC, and Pathlight Property Management Co. ("Pathlight"). In a prior forcible detainer proceeding in county court, HPA obtained a judgment against the Salazars. The Salazars then sued appellees in district court and filed an application for a temporary injunction effectively seeking to stay execution of the county court judgment. The district court denied the Salazars' application, and the Salazars appealed. The Salazars filed an emergency motion in this Court requesting a similar temporary injunction, which the Court denied.

On appeal, the Salazars argue that the trial court abused its discretion in denying their renewed application for temporary injunction and that this Court erred in denying their emergency motion. We affirm the district court's order, and we dismiss for want of jurisdiction the Salazars' challenge to this Court's denial of their emergency motion.

**Background**

The Salazars signed a lease with HP Texas in 2015 to rent a house in Spring, Texas ("the rental property"). The lease expressly expired in April 2018, and it included a right to purchase the rental property effective during the term of the lease.[1]

---

[1] The Salazars argue that the 2015 lease was for a five-year term, which they support with a February 2016 email from a Pathlight employee to Robert stating, "To clarify, your lease actually automatically renews for 4 terms, covering 5 years."

On March 9, 2018, the Salazars signed a new lease for the rental property with HPA and Pathlight, HPA's agent. The Salazars also signed a termination agreement, stating that the 2015 lease "is scheduled to and shall expire at 11:59 p.m. on March 26, 2018[,] . . . and [the Salazars have] no further rights to extend or renew the [2015 lease] beyond [its] Expiration Date."

Sometime in late 2018 or early 2019, HPA filed suit for forcible detainer against the Salazars in the County Court at Law No. 1 of Harris County alleging that the Salazars had not paid rent since September 2018. After a trial, the county court entered judgment against the Salazars. The judgment recited that Robert—but not Elia—appeared for trial and included findings that citation and notice of the trial was properly served on the Salazars, that they had not paid rent from September 2018 to March 2019, and that HPA was entitled to judgment for possession of the rental property. The judgment awarded possession to HPA; ordered the Salazars to vacate the rental property within one month; ordered the Salazars to pay past-due rent, costs, and attorney's fees; and set a supersedeas bond in the amount of $28,350. The Salazars appealed the county court judgment to this Court. *See Salazar v. HPA Tex. Sub 2016-1 LLC*, No. 01-19-00330-CV, 2020 WL 7702176 (Tex. App.—Houston [1st Dist.] Dec. 29, 2020, no pet. h.).

In April 2019, the Salazars filed an application for a temporary restraining order in Harris County district court against HPA and Pathlight. Among other things,

the application sought to enjoin HPA and Pathlight from taking steps to evict them from the rental property, "including steps to enforce the eviction order entered by the County Civil Court [a]t Law No. 1 . . . ." The district court denied the Salazars' application. The Salazars filed a second application for a temporary restraining order. The district court granted this application on June 7, 2019, and set a hearing for a temporary injunction, after which the court denied the application for temporary injunction. *See* TEX. R. CIV. P. 680 ("Every restraining order shall include an order setting a certain date for hearing on the temporary or permanent injunction sought."); TEX. R. CIV. P. 687(e) (requiring temporary restraining order to set hearing for temporary injunction within fourteen days); *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding) ("A temporary restraining order is one entered as part of a motion for a temporary injunction, by which a party is restrained pending the hearing of the motion.") (quoting *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992)).

The Salazars also filed a second amended petition asserting numerous causes of action against appellees, including claims for wrongful eviction, fraud, and violations of the Deceptive Trade Practices Act.

In October 2019, the Salazars filed a renewed application for a temporary injunction, the denial of which is the subject of this interlocutory appeal. In their renewed application, the Salazars argued that they had obtained newly discovered

evidence indicating that HPA was not the owner of the rental property when it filed the forcible detainer action against them in county court, rendering the county court's judgment void for lack of subject-matter jurisdiction. The Salazars relied on a certified copy of a special warranty deed dated June 4, 2018, showing that HPA conveyed the rental property to HP Texas. The Salazars' renewed application asked the court to immediately restore possession of the rental property to them, to enjoin appellees from leasing or selling the rental property to a third party, to enjoin appellees from collecting or demanding any payments from the Salazars, and to set a $1,500 bond.[2] The Salazars did not aver that the district court had subject-matter jurisdiction to consider the renewed application for a temporary injunction. The Salazars set their renewed application for consideration by submission. The district court denied the renewed application, stating, "Submission hearing is not an appropriate method to obtain the type of relief sought by the Movant." This appeal followed.

After filing their notice of appeal, the Salazars filed an emergency motion asking this Court to enter the temporary injunction that the district court had denied. The emergency motion requested an injunction restoring immediate possession of

---

[2] Although the Salazars' original application for temporary restraining order only named HPA and Pathlight, the renewed application sought temporary injunctive relief against all appellees.

the rental property to them, prohibiting appellees from leasing or selling the rental property to a third party or making changes to it, prohibiting appellees from collecting or demanding any payments from the Salazars, and setting a supersedeas bond in the amount of $1,500 through final judgment in the district court. The Court denied the Salazars' emergency motion and their subsequent motion for reconsideration.

## Subject-Matter Jurisdiction

### A. Standard of Review and Governing Law

Subject-matter jurisdiction is a threshold inquiry that can be addressed by the Court sua sponte and at any time. *Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.*, 586 S.W.3d 37, 55 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (en banc) (citations omitted). "Whether a pleader has alleged facts affirmatively demonstrating a trial court's subject-matter jurisdiction is a question of law reviewed *de novo*." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A court must have subject-matter jurisdiction to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "Subject matter jurisdiction is never presumed and cannot be waived." *Id.* at 443–44.

Civil Practice and Remedies Code section 65.013 authorizes a suit for an injunction to stay execution on a judgment. TEX. CIV. PRAC. & REM. CODE § 65.013; *Shor v. Pelican Oil & Gas Mgmt., LLC*, 405 S.W.3d 737, 743 (Tex. App.—Houston

6

[1st Dist.] 2013, no pet.); *McVeigh v. Lerner*, 849 S.W.2d 911, 914 (Tex. App.—Houston [1st Dist.] 1993, writ denied). However, section 65.023(b) provides, "A writ of injunction granted to stay . . . execution on a judgment must be tried in the court in which . . . judgment was rendered." TEX. CIV. PRAC. & REM. CODE § 65.023(b). Section 65.023(b) applies even when an application for an injunction does not expressly seek to stay execution of a prior judgment if the injunction would have the effect of staying the prior judgment. *McVeigh*, 849 S.W.2d at 915; *Butron v. Cantu*, 960 S.W.2d 91, 94–95 (Tex. App.—Corpus Christi–Edinburg 1997, no writ). This section "is intended to ensure that comity prevails among the various trial courts of Texas" because "[o]rderly procedure and proper respect for the courts will require that . . . attacks upon their judgment should be made in the court rendering such judgment, rather than in other courts indiscriminately." *Shor*, 405 S.W.3d at 743 (quoting *McVeigh*, 849 S.W.2d at 914).

Section 65.023(b) is a jurisdictional statute "so long as the judgment in question is valid on its face." *Id.* at 744 (quoting *McVeigh*, 849 S.W.2d at 914); *see Butron*, 960 S.W.2d at 94 ("This requirement that an action to enjoin execution on a judgment must be brought in the court in which the judgment was rendered is jurisdictional, and does not relate merely to venue."). "The requirement of facial validity is a requirement that the underlying judgment is not void." *Shor*, 405 S.W.3d at 744 (citing *Butron*, 960 S.W.2d at 95, and *McVeigh*, 849 S.W.2d at 914). "A

7

judgment is void only when it is apparent that the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *McVeigh*, 849 S.W.2d at 914 (quoting *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987)); *see State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) ("As a general proposition, before a court may address the merits of any case, the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court.").

## B.     District Court

Neither party has raised the issue of the district court's subject-matter jurisdiction to hear the Salazars' renewed application for temporary injunction, and we thus address the issue sua sponte. *See Fallon*, 586 S.W.3d at 55. The Salazars' renewed application for temporary injunction essentially asked the district court to stay execution of the county court's judgment. *Contra* TEX. CIV. PRAC. & REM. CODE § 65.023(b). The county court's judgment awarded possession of the rental property to HPA; ordered the Salazars to vacate the rental property by a certain date; awarded past-due rent, costs, and attorney's fees to HPA; and set a supersedeas bond of $28,350. The Salazars' renewed application for temporary injunction asked the district court to restore possession of the rental property to them, to prohibit HPA and Pathlight from collecting or demanding payments from the Salazars, and to set

8

a bond in the amount of $1,500. The renewed application was directly tailored to stay enforcement of the county court judgment, and the effect of granting the temporary injunction would have been to stay execution of the county court judgment. *See McVeigh*, 849 S.W.2d at 915; *Butron*, 960 S.W.2d at 95. The district court lacked jurisdiction to stay enforcement of the county court's judgment if the judgment was valid on its face. *See Shor*, 405 S.W.3d at 744.

The Salazars had the burden to demonstrate that the district court had subject-matter jurisdiction to enter the temporary injunction. *See Miranda*, 133 S.W.3d at 226. Although they primarily argued that they were entitled to an injunction because HPA did not own the property when it filed the forcible detainer suit and thus the county court judgment was void, the Salazars did not attach that judgment to their renewed application. However, appellees did attach the judgment to their response to the Salazars' renewed application, and thus it is included in the record on appeal. The judgment recites that Robert—but not Elia—appeared for trial, that citation and notice of the trial were properly served on the Salazars, and that HPA was entitled to judgment for possession of the rental property. The judgment does not indicate that the county court lacked subject-matter jurisdiction to hear the Salazars' application for a temporary injunction. *See Shor*, 405 S.W.3d at 744. Thus, the judgment is valid on its face.

9

Nothing in the record on appeal indicates that the facially valid judgment is actually void. *See McVeigh*, 849 S.W.2d at 914 (stating that judgment is void "only when it is apparent that the court rendering judgment had . . . no jurisdiction of the subject matter"). The Salazars rely on a special warranty deed to argue that HPA was not the owner of the rental property when it filed the forcible detainer action against them and, because only an owner of real property has standing to sue tenants for forcible detainer, HPA lacked standing. As a result, the Salazars contend that the county court lacked subject-matter jurisdiction to enter judgment against them, rendering the judgment void.

However, the Property Code authorizes a landlord or lessor to bring a forcible detainer action. *See* TEX. PROP. CODE §§ 24.002, 24.005(a) (discussing "landlord who files a forcible detainer suit"), 24.0051(b) (stating that "landlord may recover unpaid rent under this section"), 24.0061(a) ("A landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises and a writ of possession."). In the context of residential tenancies, the Property Code defines "landlord" as "the owner, lessor, or sublessor of a dwelling, but does not include a manager or agent of the landlord unless the manager or agent purports to be the owner, lessor, or sublessor in an oral or written lease." *Id.* §§ 92.001(2), 92.002. The sole issue in a forcible detainer action is who has the right to immediate possession of property. *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st

10

Dist.] 2004, pet. denied). "To prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Id.*

Thus, the Salazars are incorrect that only the owner of real property has standing to sue a tenant for forcible detainer. The 2018 lease expressly states that HPA is the landlord of the rental property and, as the landlord, HPA was authorized by the Property Code to bring the forcible detainer action against the Salazars. *See* TEX. PROP. CODE §§ 24.002, 24.005(a), 24.0051(b), 24.0061(a). The 2018 lease thus provided sufficient evidence of ownership to demonstrate HPA's superior right to immediate possession of the rental property. *See Villalon*, 176 S.W.3d at 70. The Salazars did not present any evidence showing that the county court's facially valid judgment was void. *See Shor*, 405 S.W.3d at 744; *McVeigh*, 849 S.W.2d at 914. We therefore conclude that the district court lacked subject-matter jurisdiction to enter a temporary injunction effectively staying enforcement of the county court judgment. *See* TEX. CIV. PRAC. & REM. CODE § 65.023(b); *McVeigh*, 849 S.W.2d at 915.

We note that this Court has already decided the issue of HPA's standing in the county court in the Salazars' prior direct appeal from the county court judgment. *See Salazar*, 2020 WL 7702176. In that case, the Salazars raised many of the same arguments that they raise in this appeal, including that the county court lacked jurisdiction over the forcible detainer action because HPA conveyed the rental

11

property to HP Texas and thus HPA was not the owner when it filed the forcible detainer action. *See id.* at \*2. The Court disagreed with the Salazars and held that HPA had standing to bring the forcible detainer action against the Salazars to regain possession of the rental property. *Id.* at \*4–5. We reasoned that the existence of a landlord-tenant relationship is not a prerequisite to jurisdiction, that the Property Code authorizes a landlord to bring a forcible detainer action against a tenant to reclaim possession of real property, and that HPA presented evidence that it is the lessor under the 2018 lease. *Id.*

We overrule the Salazars' challenge to the district court's interlocutory order denying the renewed application for temporary injunction.

## C. Court of Appeals

After filing their notice of appeal, the Salazars filed an emergency motion in this Court requesting that we enter the temporary injunction that the district court denied. We denied the Salazars' emergency motion, and the Salazars challenge this denial on appeal. For the same reasons that the district court lacked jurisdiction to stay execution of the county court's judgment, this Court also lacks subject-matter jurisdiction to stay execution of that judgment. *See* TEX. CIV. PRAC. & REM. CODE § 65.023(b); *McVeigh*, 849 S.W.2d at 915; *Butron*, 960 S.W.2d at 94–95. We therefore dismiss this part of the appeal for want of jurisdiction.

12

## Conclusion

We affirm the district court's order denying the Salazars' renewed application for temporary injunction, and we dismiss for want of jurisdiction the part of the appeal challenging this Court's denial of the Salazars' emergency motion for a temporary injunction. We dismiss any pending motions as moot.

April L. Farris
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

13